UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PFC PROPERTIES, INC., a Washington for-profit corporation; CHARLES FERNER, a married individual and officer of PFC Properties, Inc., and his spouse; KIMBERLEE FERNER; and PAUL HALL, an individual and officer of PFC Properties, Inc.;<br><br>Plaintiffs,<br><br>vs.<br><br>AMTRUST NORTH AMERICA, dba, SECURITY NATIONAL INSURANCE COMPANY, an insurance company; and CLEAR SPRINGS PROPERTY AND CASUALTY COMPANY, an insurance company,<br><br>Defendants. | No. 3:22-cv-5022<br><br>**DEFENDANT CLEAR SPRING PROPERTY AND CASUALTY COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §1441(A)**<br><br>(REMOVED FROM THURSTON COUNTY SUPERIOR COURT CAUSE NO.: 21-2-02067-34) |

**TO:**  Clerk, U.S. District Court, Western District of Washington, at Tacoma;

**AND TO:**  Jeremey D. Dobbins and Joseph Scuderi, Plaintiffs' Counsel; Michael Guadagno, Counsel for AmTrust North America.

Please take Notice that Defendant Clear Spring (incorrectly named as "Clear Springs") Property and Casualty Company ("Clear Spring"), hereby removes to this Court the state court action described below on the grounds stated herein and as supported by the Declaration of Ryan

Defendant Clear Spring Property and Casualty Company's Notice of Removal of Civil Action Pursuant to 28 U.S.C. §1441(A) – 1
Case No.: 3:22-cv-5022

3133627 / 1254.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

J. Hesselgesser and the exhibits attached thereto. This Removal is filed with the knowledge and consent of all Defendants that have appeared or otherwise answered in this matter. Declaration of Ryan Hesselgesser, **Exhibit 6.**

## I. INTRODUCTION AND STATEMENT OF FACTS

On or about December 9, 2021, Plaintiffs commenced a lawsuit in Thurston County Superior Court titled *PFC PROPERTIES, Inc. et al. v. AmTrust North America, dba, Security National Insurance Company, et al.* (Decl. of Ryan J. Hesselgesser, **Exhibit 1**, Summons and Complaint). Service on Clear Spring was accomplished through the Office of the Insurance Commissioner on December 13, 2021 and Clear Spring received notice of this action thereafter. Plaintiffs' lawsuit seeks to recover defense and indemnity benefits under a policy issued by Clear Spring. Plaintiff also alleges damages from bad faith and Insurance Fair Conduct Act violations.

## II. BASIS FOR REMOVAL

### A. There Is Complete Diversity of Citizenship Under 28 U.S.C. §1332

This case is a civil action for which this Court has original jurisdiction under 28 U.S.C. §1332(a)(1) and is one which can be removed to this Court by Defendants under 28 U.S.C. §1441(a) and (b) because it is a civil action between citizens of different states and the amount in controversy based upon Plaintiffs' causes of action and damages described exceeds $75,000.00.

Plaintiff PCF Properties, Inc., is a Washington for-profit corporation with its principal place of business in Washington. (Decl. of Ryan J. Hesselgesser, **Exhibit 1**, Complaint, ¶1.1.) Upon information and belief Plaintiffs Charles Ferner and Kimberlee Ferner are Washington residents. **Exhibit 2,** Underlying Complaint ¶1.4. Plaintiff Paul Hall is a resident of Washington. Decl. of Ryan J. Hesselgesser, **Exhibit 2,** Underlying Complaint ¶1.5.

Upon information and belief, Defendant Amtrust North America, dba, Security National

Defendant Clear Spring Property and Casualty Company's Notice of Removal of Civil Action Pursuant to 28 U.S.C. §1441(A) – 2
Case No.: 3:22-cv-5022

3133627 / 1254.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

Insurance Company is a Delaware corporation with its principal place of business New York, New York and its Operations Headquarters in Cleveland, Ohio. Declaration of Ryan Hesselgesser, ¶ 8.

Defendant Clear Spring Property and Casualty Company is incorporated in the state of Texas with its principal place of business in Illinois. Declaration of Ryan Hesselgesser ¶ 9.

The controversy exists, therefore, wholly between citizens of different states. *See* 28 U.S.C. §1332(a)(1).

**B.    The Amount In Controversy Exceeds the Jurisdictional Minimum**

The Complaint does not specify an amount in controversy. Pursuant to Local Rule W.D. Wash. 101(a), counsel for Clear Spring has a good faith belief that Plaintiffs seek damages in excess of the jurisdictional amount in this Court. Where the amount in controversy is not clear from the Complaint, the defendant may verify satisfaction of the requirement by establishing by a preponderance of evidence that the amount in controversy requirement has been satisfied. *Lim v. National General Ins. Co.*, C15-383RSL, 2015 WL 12025326, at *1 (W.D. Wash. Apr. 30, 2015), *citing*, *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 403-04 (9th Cir. 1996). A defendant can meet this burden by presenting "summary-judgment-type evidence" relevant to the amount in controversy at the time of removal. *Lim*, 2015 WL 12025326, at *1, *citing*, *Koske v. U.S. Bank Corp.* 432 F. 2d 976, 980 (9th Cir. 2005). Pursuant to Ninth Circuit authority, including that of Western Washington District Courts, attorney's fees and treble damages sought in the litigation are included in determining whether the requisite $75,000 amount in controversy requirement of 28 U.S.C. §1332 has been satisfied. *Lim, supra; Koske, supra.*

The underlying action against PFC Properties, alleges amounts in excess of $12,000 and alleges that the underlying Plaintiffs spent in excess of $16,000 on materials and in excess of $9,600 on labor for the construction project at issue. **Exhibit 2**, Underlying Complaint, at ¶3.5,

Defendant Clear Spring Property and Casualty Company's Notice
of Removal of Civil Action Pursuant to 28 U.S.C. §1441(A) – 3
Case No.: 3:22-cv-5022

3133627 / 1254.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

3.12, 4.5. The combined amount of only the labor and materials and not including any alleged resulting damage exceeds $25,000. PFC Plaintiffs here seek indemnity for those amounts as well as attorney fees and expert costs expended in defense of the underlying action. Plaintiffs have also asserted an IFCA claim which they contend would treble these amounts. Plaintiffs also seek recovery of attorney fees incurred in having to bring this action. The trebling of only the alleged materials and labor damages in the underlying action, which PFC now seeks, would exceed $75,000. Adding defense fees in the underlying action and attorney fees in this action, as well as any additional damages sought in the underlying action, puts the amount in controversy clearly over the $75,000 jurisdictional threshold.

C. **This Notice of Removal Is Timely Under 28 U.S.C. §1446(b)**

This Notice of Removal is timely under 28 U.S.C. §1446(b) because it is being filed "…within thirty days after receipt by the defendant, through service or otherwise, of a copy of … other paper from which it may first be ascertained that the case is one which is or has become removable..." 28 U.S.C. §1446(b). Service on Clear Spring was accomplished on the Office of the Insurance Commissioner on December 13, 2021 and Clear Spring received notice of this action soon thereafter. Declaration of Hesselgesser, **Exhibit 3,** Certificate from OIC. Therefore, this Notice of Removal is timely, as it was filed within thirty days of receipt of the complaint at least by the insurance commissioner and certainly within thirty days of receipt by Clear Spring.

Additionally, Security National has just recently appeared or otherwise answered in the state court action. Declaration of Hesselgesser, **Exhibit 4,** Docket. Counsel for AmTrust and Security National has consented to removal. Declaration of Hesselgesser, **Exhibit 6**, Email from counsel.

D. **This Notice of Removal Complies with the Applicable Local Rules and Venue Is**

Defendant Clear Spring Property and Casualty Company's Notice of Removal of Civil Action Pursuant to 28 U.S.C. §1441(A) – 4
Case No.: 3:22-cv-5022

3133627 / 1254.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

**Proper in the Western District of Washington Under 28 U.S.C. §128(a)**

This Notice of Removal complies with all applicable Federal Rules of Civil Procedure and Local Rules.  Clear Spring has attached to this Declaration of Ryan J. Hesselgesser, filed in support of this Notice, copies of all process, pleadings, and orders served upon it in the state court action, as required by 28 U.S.C. §1446.  Venue is proper in this District pursuant to 28 U.S.C. §§128(b) and 1391, because this District encompasses Thurston County, the county listed in the state court where the Complaint was filed.

Clear Spring is serving Plaintiffs with copies of this Notice of Removal and the supporting Declaration of Ryan J. Hesselgesser (with exhibits).

Clear Spring is also promptly filing with the Clerk of Thurston County Superior Court of the State of Washington a copy of this Notice of Removal, along with a notice to Superior Court of filing the Notice of Removal.  Clear Spring respectfully submits that removal of this case to the United States District Court for the Western District of Washington is proper.

DATED this 12th day of January, 2022.

> *s/ Ryan J. Hesselgesser*
> Ryan J. Hesselgesser, WSBA #40720
> Forsberg & Umlauf, P.S.
> 901 Fifth Avenue, Suite 1400
> Seattle, WA  98164
> Phone: (206) 689-8500
> Email: RHesselgesser@foum.law
>
> *Attorneys for Defendant Clear Spring Property and Casualty Company*

Defendant Clear Spring Property and Casualty Company's Notice of Removal of Civil Action Pursuant to 28 U.S.C. §1441(A) – 5
Case No.: 3:22-cv-5022

3133627 / 1254.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

# CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served the foregoing DEFENDANT CLEAR SPRING PROPERTY AND CASUALTY COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §1441(A) on the following individuals in the manner indicated:

| | |
|---|---|
| Mr. Joseph Scuderi<br>Scuderi Law Offices, P.S.<br>924 Capitol Way S.<br>Olympia, WA  98501<br>Office: 360-534-9183<br>Email:  JoeScuderi@ScuderiLaw.com<br>(X) Via ECF | Mr. Jeremey D. Dobbins<br>Scuderi Law Offices, P.S.<br>924 Capitol Way S.<br>Olympia, WA  98501<br>Office: 360-534-9183<br>Email:  JeremeyDobbins@ScuderiLaw.com<br>(X) Via ECF |

Mr. Michael Guadagno
Bullivant Houser Bailey, PC
925 Fourth Avenue, Suite 3800
Seattle, WA  98104
Office: 206-292-8930
Email:  michael.guadagno@bullivant.com
(X) Via ECF

**SIGNED** this 12th day of January, 2022, at Seattle, Washington.

*s/ Shanta D. Jones*
Shanta D. Jones

Defendant Clear Spring Property and Casualty Company's Notice of Removal of Civil Action Pursuant to 28 U.S.C. §1441(A) – 6
Case No.: 3:22-cv-5022

3133627 / 1254.0002

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX