# Attachment A

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
12/09/2021 - 4:16PM
Linda Myhre Enlow
Thurston County Clerk

1

☐ EXPEDITE
☐ No hearing is set
☐ Hearing is set:
Date:
Time:
Judge/Calendar:

2

3

4

5

6

7    **SUPERIOR COURT OF WASHINGTON**
     **FOR THURSTON COUNTY**
8

9    PFC PROPERTIES, INC., a Washington for-
     profit corporation; CHARLES FERNER, a                    NO.   21-2-02067-34
10   married individual and officer of PFC Properties,
     Inc., and his spouse; KIMBERLEE FERNER;                  **BAD FAITH COMPLAINT**
11   and PAUL HALL, an individual and officer of
     PFC Properties, Inc.;
12

13                         Plaintiffs

14   v.

15   AMTRUST NORTH AMERICA, dba,
     SECURITY NATIONAL INSURANCE
16   COMPANY, an insurance company; and
     CLEAR SPRINGS PROPERTY AND
17   CASUALTY COMPANY, an insurance
18   company,

19                         Defendants

20

21
         COMES NOW Plaintiffs PFC Properties, Inc., Charles Ferner, his spouse, Kimberlee Ferner,
22
     and Paul Hall, and through their attorneys, Joseph Scuderi and Jeremey Dobbins of Scuderi Law
23
     Offices, P.S., and for their Complaint for bad faith and other damages against Defendants Clear
24
     Springs Property and Casualty and AmTrust North America doing business as Security National
25
     Insurance Company states and alleges as follows:
26

27

28   BAD FAITH COMPLAINT- 1                          SCUDERI              924 CAPITOL WAY SOUTH
                                                     LAW OFFICES, P.S.    OLYMPIA, WASHINGTON 98501
                                                     ATTORNEYS AT LAW     (360) 534-9183 FAX: (360) 956-9795

1.1.    Plaintiff PFC Properties, Inc. (PFC Properties), is a construction contractor based out of Thurston County, Washington. Defendant has performed all prerequisites necessary to bring this lawsuit. PFC Properties is an insured under the policies listed below. Plaintiffs Charles Ferner and Paul Hall are shareholders and officers of PFC Properties and as such also insureds under the policies listed below. Charles Ferner is married to Kimberlee Ferner. Both are named in the indemnity lawsuit, identified below.

1.2.    Defendant AmTrust North America doing business as Security National Insurance Company (Security National) is an insurance company doing business in Washington, including Thurston County. Security National issued a general liability policy to PFC Properties, No. NA116674302. The policy was delivered to the Plaintiffs in Thurston County, Washington.

1.3.    Defendant  Clear Springs Property and Casualty (Clear Springs) is an insurance company doing business in Washington, including Thurston County. Clear Springs issued a general liability policy to PFC Properties, No. CB001820600. The policy was delivered to the Plaintiffs in Thurston County, Washington.

1.4.    Venue and jurisdiction are proper before this Court.

1.5.    On August 6, 2021, a lawsuit by Robert Baker and Susan Baker was filed in Thurston County Supreme Court of Washington State, Case No. 21-2-01358-34 against PFC Properties, Charles Ferner, Paul Hall, and their respective spouses, although Paul Hall is not married and "Jane Doe Hall" was incorrectly named in the lawsuit.

1.6.    On November 9, 2021, PFC Properties, Ferner, his spouse, and Hall tendered respectively defense and indemnity in connection with the lawsuit to Security National and Clear Springs.

BAD FAITH COMPLAINT- 2

SCUDERI
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

1.7.     On November 3, 2021 and November 9, 2021, PFC Properties, Ferner, and Hall gave notice to Security National and Clear Springs under the Insurance Fair Conduct Act, Chapter 48.30, et al. A copy of the respective IFCA Notices are attached and identified as IFCA Letters Nov. 3, 2021 and Nov. 9, 2021.

1.8.     Both Security National and Clear Springs still failed to defend.

1.9.     Clear Springs engaged attorney Earle Bravo of Reed McClure, Attorneys at Law to defend PFC Properties, Ferner, and Hall, but then refused to give Mr. Bravo or his firm authority to actually appear in the underlying case. The insurer claimed it was investigating coverage and had Mr. Bravo engaged pending that investigation. Selective email correspondence with Mr. Bravo is attached and identified as Bravo Emails.

1.10.    Security National and Clear Springs breached their respective duty to timely defend PFC Properties, Ferner, and Hall pursuant to applicable Washington State law including, but not limited to, *American Best Food, Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 229 P.3d 693 (2010); *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 164 P.3d 454 (2007); *Truck Insurance v. Vanport Homes*, 147 Wn. 2d 751, 58 P.3d 276 (2002); and, *Mutual of Enumclaw v. Dan Paulson Const. Co.*, 159 Wn.2d 1018, 157 P.3d 403 (2007).

1.11.    Security National and Clear Springs failed to assist PFC Properties, Ferner, and Hall in interpreting the policy and available coverage, failed to timely and properly investigate the claim and failed to defend its insured in a timely manner.

1.12.    If Security National and Clear Springs disputed coverage, they were obligated to defend under a reservation of rights and then seek a timely declaratory action on its respective rights. Security National and Clear Springs did not do that. Security National and Clear Springs are liable for these breaches under theories of breach of contract, negligence, bad faith, violation of applicable

BAD FAITH COMPLAINT- 3

SCUDERI
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

insurance related Washington Administrative Code provisions, and violation of the Washington State Consumer Protection Act, RCW 19.86.

1.13.   As a result of its bad faith conduct including, but not limited to, its failure to timely defend, failure to adequately investigate, failure to consider its policyholder's interests equally with its own, misrepresentation of pertinent facts and insurance policy provisions, failure to fully disclose to its insured all pertinent benefits, defenses, coverages or other provisions of the insurance policy under which its insured's tender of defense and indemnity was presented, failing to settle within policy limits when liability was made clear, and concealment from insureds of benefits, coverages or other provisions of their insurance policy when such benefits, coverages or other provisions were pertinent to insured's tender, Security National and Clear Springs are liable to PFC Properties, Ferner, and Hall. Security National and Clear Springs breached duties owed under RCW 40.01.030 and *Coventry Associates v. Am. States Ins. Co.*, 136 Wn.2d 269, 961 P.2d 933 (1998).

1.14.   By virtue of its bad faith conduct and failure to timely defend, Security National and Clear Springs are estopped from denying coverage and from asserting any other defenses to coverage under either the policies or Washington common law.

1.15.   As a further result of its bad faith conduct, Security National and Clear Springs are precluded from asserting, or otherwise prosecuting, any right of subrogation it may have against any third party.

1.16.   Plaintiffs PFC Properties, Ferner, and Hall assert a separate and independent action against Security National and Clear Springs based on negligence pursuant to Washington State law and *First State Insurance Company v. Kemper National Insurance Company*, 94 Wn.App. 602, 971 P.2d 953 (1999). Specifically, Security National and Clear Springs have a fiduciary duty to its insured to act in good faith, to give it the benefit of the insurance policy purchased and to consider their

BAD FAITH COMPLAINT- 4

SCUDERI
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

interests equally with its own. In these instances, the insurers failed to exercise ordinary care in investigating and handling the tender of defense and indemnity made by their insureds. Such omissions have directly and proximately caused damage to Plaintiffs in an amount to be proven at trial.

1.17.   Plaintiffs have been forced to incur legal and expert expenses in establishing its right to a defense and coverage. As such, they are entitled under *Olympic Steamship, Inc. v. Centennial Insurance Company*, 117 Wn.2d 37, 811 P.2d 673 (1991); *Panorama Village Condominium Owners Association v. Allstate Insurance Company*, 144 Wn.2d 130, 26 P.3d 910 (2001), and Washington State law, including but not limited to Chapters 19.86 RCW and 48.30 RCW to recover their actual litigation costs and expenses incurred, including reasonable attorney and expert fees.

1.18.   Security National and Clear Springs' actions and omissions constitute unfair or deceptive acts or practices which occur in trade or commerce that impact the public interest and which have caused injury to Plaintiffs. Such injury is causally related to the insurers unfair and/or deceptive acts in failing to timely defend, meet its obligations under applicable WAC provisions, and settle this case on behalf of its insured. As such, for each violation of applicable WAC provisions, Security National and Clear Springs have violated Washington's Consumer Protection Act, RCW 19.86 et. seq.

1.19.   Security National and Clear Springs actions and omissions are also violations of RCW 48.30.015, in that these insurers unreasonably denied a first party insurance claim and defense tender by its insureds. Plaintiffs are entitled to all available remedies under Washington State Law, including but not limited to trebling of damages, coverage by estoppel, attorney fees, expert fees, and other costs.

1.20.   Security National and Clear Springs, through its errors, omissions, and bad faith, engaged in unfair claims and settlement practices; misrepresented policy provisions; failed to

BAD FAITH COMPLAINT- 5

SCUDERI
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

acknowledge important communications; failed to promptly investigate the claims and tenders; and engaged in unfair and inequitable settlement efforts in relation to its insureds. These are violations of WAC 284-30-330, 350, 360, 370 and 380.

## PRAYER FOR RELIEF

Plaintiffs PFC Properties, Ferner, his spouse, and Hall, seek the following relief from Defendants Security National and Clear Springs:

2.1.    For separate judgments against Defendants Security National and Clear Springs for direct, consequential and exemplary damages, attorney fees, expert fees, and costs in an amount to be proven at trial. Plaintiff seeks a jury on all issues where right to a jury exists.

2.2.    For leave to amend this Complaint to include other relief, on both claims and parties; and

2.3.    For such other relief as the Court deems just.

DATED this 9th day of December, 2021.

SCUDERI LAW OFFICES, P.S.

Joseph Scuderi, WSBA# 26623
Jeremey Dobbins, WSBA# 47709
Attorneys for Plaintiffs PFC Properties, Inc., Charles
Ferner, and Paul Hall

BAD FAITH COMPLAINT- 6

SCUDERI
LAW OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501
(360) 534-9183 FAX: (360) 956-9795

**IFCA Letters
Nov. 3, 2021 and
Nov. 9, 2021**

**SCUDERI LAW OFFICES, P.S.**
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501

TELEPHONE (360) 534-9183
FACSIMILE (360) 956-9795

JOSEPH W. SCUDERI#
JEREMEY D. DOBBINS

# ALSO ADMITTED IN ALASKA, OREGON, GUAM & MINNESOTA

November 3, 2021

*Sent via Certified Mail, return receipt requested, and First Class U.S. Mail*

Security National Insurance Company
800 Superior Ave E, 21st Floor
Cleveland, OH 44114

AmTrust North America, Inc.
P.O. Box 89404
Cleveland, OH 44101-6404

| | Re: | Insureds | : | PFC Properties, Inc. |
|---|---|---|---|---|
| | | Insurance Policy | : | NA116674302 |
| | | Your Claim No. | : | 3371185-1 |
| | | Loss Location | : | 8233 173rd Ave. SW, Rochester, WA |

Security National Insurance Company/AmTrust North America:

I am representing PFC Properties, Inc., and its principals Charles Ferner and Paul Hall. You are a first party insurer to my clients. Attached is a letter previously sent to you on October 13, 2021. Exhibit A. Today you forwarded me a response you sent your insureds on September 14, 2021. Exhibit B. You are denying any duty to defend or indemnify. This November 3 letter is an Insurance Fair Conduct Act letter pursuant RCW 48.30.015 and in response to your position not to defend or indemnify.

On August 6, 2021, a complaint was filed against your insureds. A copy is attached to Exhibit A referenced above. There are broad allegations of property damage. The insureds have previously requested that you investigate, defend, and indemnify. You have refused to defend and have denied coverage.

The duty to defend is strictly construed in Washington State. *See, e.g., Woo v. Fireman's Fund Ins. Co.,* 161 Wn.2d 43, 164 P.3d 454 (2007). Security National/AmTrust is in violation of at least the following unfair settlement practices regulations: WAC 284-30-330; WAC 284-30-350; WAC 284-30-360; WAC 284-30-370; and WAC 284-30-380. In addition, Security National/AmTrust is in violation of statutory and common law duty of good faith. RCW 48.01.030. Security National/AmTrust is in violation of the duty to conduct a full and fair investigation. *Coventry Assoc. v. Am. States Ins. Co.,* 136 Wn.2d 269, 961 P.2d 933 (1998).

Insurance Fair Conduct Act Letter Security National Insurance Company and AmTrust
Policy No. NA116674302
8233 173rd Avenue SW, Rochester, WA 98579
November 3, 2021
Page 2

We disagree with your position. The slightest possibility of coverage triggers a duty to defend. You could and should have, at a minimum, defended under a reservation of rights. You chose instead to abandon your insureds. That is bad faith.

In order to resolve this claim, you need to start defending without reservation. You also need to compensate the insureds for all extracontractual harm they have suffered, including but not limited to, any attorney, expert, or other fees and costs incurred.

If you fail to resolve this matter in twenty days, my clients will have the right to bring an action without further notice. RCW 48.30.015(8)(b). Nothing in this letter affects my clients' right to bring an action under other legal theory, including but not limited to, breach of contract, negligence, bad faith, and Consumer Protection Act violations under Chapter 19.86 RCW.

Thank you.

Very truly yours,

Jospeh Scuderi

Enclosures: as stated
Cc:     Clients
        Washington Office of the Insurance Commissioner (with IFCA Cover Sheet)

# EXHIBIT A

**SCUDERI
LAW
OFFICES, P.S.**
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501

TELEPHONE (360) 534-9183
FACSIMILE (360) 956-9795

JOSEPH W. SCUDERI#
JEREMEY D. DOBBINS

# ALSO ADMITTED IN ALASKA, OREGON, GUAM &
MINNESOTA

October 13, 2021

*Sent Via First Class U.S. mail*

*Security National Insurance Company*
*800 Superior Ave E, 21st Floor*
*Cleveland, OH 44114*

      Re:    *Robert M. Baker and Susan C. Baker v. PFC Properties, Inc., et al.*
              Thurston County Superior Court Case 21-2-01358-34

            Insurance Policy: NA116674302

Dear Insurer:

      I represent defendants PFC Properties, Inc., Navigators Insurance Company Bond No. NAV00007885, Charles Ferner and "Jane Doe" Ferner, and Paul and "Jane Doe" Hall. They have been sued by Robert M. Baker and Susan C. Baker. A copy of the Complaint is enclosed.

      We tender this matter to you for defense, investigation and indemnity under the above referenced policy and any other policies that you issued to my clients. Thank you.

                        Very truly yours,

            (sent without signature to avoid delay)

                       Joseph Scuderi

Enclosures: As Stated
Cc: Clients

21-2-01358-34
CMP        3
Complaint
10796066

15

Hearing Date: _____
Hearing Time: _____
Judge/Calendar: _____

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
08/06/2021 11:33:25 AM
Linda Myhre Enlow
Thurston County Clerk

**SUPERIOR COURT OF WASHINGTON
FOR THURSTON COUNTY**

ROBERT M. BAKER and SUSAN C. BAKER, a
married couple,

                    Plaintiffs,

v.

PFC PROPERTIES, INC., a Washington for-profit
corporation; NAVIGATORS INSURANCE
COMPANY, Bonding Company, Bond No.
NAV00007885; CHARLES FERNER and "JANE
DOE" FERNER, individually and the marital
community comprised thereof; and PAUL HALL
and "JANE DOE" HALL, individually and the
marital community comprised thereof,

                    Defendants.

NO.    21-2-01358-34

COMPLAINT FOR BREACH
OF CONTRACT AND DAMAGES

Comes now the plaintiffs, Robert M. Baker and Susan C. Baker, by and through their

attorney of record, Gregory M. Rhodes of YOUNGLOVE & COKER, P.L.L.C., and, for cause of

action against the defendants, complain and allege as follows:

COMPLAINT FOR BREACH OF
CONTRACT AND DAMAGES – Page 1
9809-002

YOUNGLOVE & COKER, P.L.L.C.
ATTORNEYS AT LAW
WEST-HILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG '6
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

# I.   PARTIES

1.1     The plaintiffs, Robert M. Baker and Susan C. Baker (collectively "Bakers"), are a married couple and residents of Thurston County, Washington.

1.2     Defendant, PFC Properties, Inc. (hereinafter "PFC"), is a regular for-profit corporation licensed to do business in the State of Washington under UBI No. 603 532 802, and has its principal business located in Centralia, Lewis County, Washington.  PFC was administratively dissolved on August 31, 2019, and, upon information and belief, this dissolution has not been remedied or reversed.  Defendant conducts business in Thurston County and the surrounding areas of Washington.

1.3     Pursuant to RCW 18.27.040, defendant, PFC Properties, Inc., maintained a bond with the Navigators Insurance Company with the Department of Labor and Industries in the amount of $12,000 (Bond No. NAV00007885) to guarantee faithful performance on the part of said contractor. Said Bond is effective through August 20, 2021.

1.4     Defendants, Charles Ferner and "Jane Doe" Ferner (collectively "Ferner"), are now and, at all times material hereto, were husband and wife.  Upon information and belief defendants are residents of Lewis County, Washington.  Any acts alleged herein to have been committed by either or both defendant Ferner, were done on behalf of their marital community.  Defendant, Charles Ferner, was a Governor/Owner of PFC Properties, Inc.  Defendant Ferner contracted to perform services for plaintiffs while acting as an agent of the dissolved corporation, PFC.

1.5     Defendants, Paul Hall and "Jane Doe" Hall (collectively "Hall"), are now and, at all times material hereto, were, husband and wife.  Upon information and belief, defendants are residents of Lewis County, Washington.  Any acts alleged herein to have been committed by either or

YOUNGLOVE & COKER, P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG #8
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

1  both defendant Hall, were done on behalf of their marital community.  Defendant, Paul Hall, was a

2  Governor/Owner of PFC Properties, Inc.  Defendant Hall contracted to perform services for

3  plaintiffs while acting as an agent of the dissolved corporation, PFC.

## II.   JURISDICTION AND VENUE

5  2.1   The Superior Court of Thurston County, State of Washington, has jurisdiction over

6  the parties and subject of this Complaint because all events giving rise to this cause of action

7  occurred in Thurston County, Washington.

8  2.2   Venue is proper in Thurston County.  Plaintiffs reside in Thurston County and this

9  complaint involves work performed on plaintiffs' Thurston County residence.  The defendant, PFC

10  Properties, Inc., is a dissolved Washington for-profit corporation doing business in Thurston County

11  and the surrounding areas of Washington, with its principal place of business in Lewis County,

12  Washington.  Defendants Hall and Ferner acted individually on behalf of the dissolved corporation

13  by contracting for construction services in Thurston County.  Defendant, Navigators Insurance

14  Company, the bonding company, contracts to do business in Thurston County, Washington and the

15  surrounding areas.

## III.  BACKGROUND FACTS

17  3.1   In approximately late-September 2020, plaintiffs contracted with defendants Hall and

18  Ferner, who were acting as PFC Properties, Inc. (hereinafter "PFC"), for the purpose of building a

19  sunroom addition to their home located at 8233 173rd Avenue SW, Rochester, Thurston County,

20  Washington.  (See Exhibit 1, hereto.)

21  3.2   Plaintiffs discussed the project and its parameters in great detail with defendants.

22  3.3   Based on these discussions and parameters, defendant PFC estimated and billed

COMPLAINT FOR BREACH OF
CONTRACT AND DAMAGES – Page 3
9809-002

YOUNGLOVE & COKER, P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

1  plaintiffs for the total costs of its labor to build the sunroom, in the amount of $9,600, which amount

2  was paid in full to defendants. A copy of an Invoice detailing the cost of labor for the project from

3  PFC is attached hereto and incorporated herein as Exhibit 2.

4       3.4     Plaintiffs paid the entire amount of PFC's Invoice in installments on 10/26/20

5  ($4500), 11/19/20 ($2000), 12/23/20 ($3000) and 1/22/21 ($100.00). The amount of labor costs paid

6  to PFC represented PFC's bid for labor costs equaling one hundred percent (100%) of the project.

7       3.5     Plaintiffs additionally agreed to and did pay for the costs of all supplies and materials

8  out-of-pocket in the amount of approximately $16,370.15.

9       3.6     Site work on the project began in October 2020, and the last day defendant PFC

10  worked on the sunroom was January 22, 2021.

11       3.7     When they abandoned the project, PFC left both interior and exterior work on the

12  sunroom addition incomplete. PFC assured plaintiffs they would return to finish the project, but

13  have not done so. PFC left the project incomplete by failing to complete project tasks, including but

14  not limited to: finishing exterior wall siding; performing necessary caulking; boxing in soffits;

15  completing interior wood trim; finishing electrical trim; and leaving the main light fixture and paddle

16  fan electrically inoperable.

17       3.8     PFC also caused damage to plaintiffs' home by damaging installed interior woodwork

18  by leaving stains and grime on every board during installation. The grime included dirty

19  fingerprints, palm prints, scuffs, gouges, and boot prints from employees that were left to do the

20  installation without close supervision. The interior woodwork in the home is T&G pine, which is

21  very blond, light wood. Plaintiffs were required to expend approximately sixty (60) hours sanding

22  and re-oiling to finish and repair the damages caused by PFC and its employees.

COMPLAINT FOR BREACH OF
CONTRACT AND DAMAGES – Page 4
9809-002

YOUNGLOVE & COKER, P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

1

2    3.9    Additionally, defects in PFC's construction require repair and remediation.  This

3    includes, but is not limited to, reinstallation of the entire roof over the new sunroom.  PFC's

4    substandard installation, defective construction, and use of substandard materials has created a

5    situation where the only viable option for remediation is to entirely replace the roof.  Plaintiffs have

6    incurred additional costs to repair and replace the roof, including additional interior and exterior

7    work.

8    3.10    The lack of PFC's supervision contributed to unsatisfactory work.  Plaintiffs began

9    consistently communicating their concerns that the work product was deficient in its quality.  What

10   little work PFC did was done in an unworkmanlike and unprofessional manner.

11   3.11    Defendants PFC, Ferner, and Hall breached their contractual, statutory, and common

12   law obligations to plaintiffs.

13   3.12    Defendants, PFC, Ferner, and Hall provided construction services valued at far less

14   than the $9,600 paid by plaintiffs.

15   3.13    As a result of defendants PFC's, Ferner's, and Hall's, breach of contract and poor

16   workmanship, plaintiffs suffered damages in the form of additional expenses; including, but not

17   limited to, the costs of finishing work which defendants contracted for and failed to perform, and

18   remediating and repairing substandard work that did not reflect the product defendants promised and

19   contracted to provide.  These damages include the costs of labor and obtaining new construction

20   materials.

21   3.14    Additionally, plaintiffs have expended over sixty (60) hours of personal labor

22   remediating defendants' substandard work and damages.

COMPLAINT FOR BREACH OF
CONTRACT AND DAMAGES – Page 5
9809-002

YOUNGLOVE & COKER, P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

## IV.   FIRST CAUSE OF ACTION:   BREACH OF CONTRACT

4.1    Plaintiffs reallege all the allegations of facts as indicated above.

4.2    Pursuant to the agreement entered into by and between plaintiffs and defendants, plaintiffs paid monies to defendants in the belief that defendants would perform work negotiated for relating to the construction of a sunroom addition to their home.  Defendants have wholly failed to perform said work as negotiated with plaintiffs, and have breached said contract by (1) failing to perform; (2) performing work that is defective and does not represent the product which defendants promised and for which plaintiffs negotiated; and (3) fraudulently billing plaintiffs for work that was not performed or not completed.

4.3    Plaintiffs have been damaged in an amount to be proven at trial, but for purposes of insurance, in the amount of at least $12,000.

## V.    SECOND CAUSE OF ACTION:  CLAIMS UNDER THE WASHINGTON STATE CONSUMER PROTECTION ACT (RCW CH. 19.86)

5.1    Plaintiffs reassert the allegations contained in paragraphs 1.1 through 4.3 above.

5.2    Defendants' acts and representations described in paragraphs 3.1 through 4.3 constitute unfair and misleading practices in the conduct of trade or commerce, which affect the public interest within the meaning of the Washington State Consumer Protection Act (CPA), RCW 19.86.090.

5.3    Plaintiffs relied on the assertions related to the abilities of defendants and, as such, plaintiffs paid money to the defendants in anticipation of work to be performed at their property.

5.4    As a direct and proximate result of the negligent and unlawful conduct of defendants, described in paragraphs 3.1 through 5.3 above, plaintiffs have sustained significant damage,

YOUNGLOVE & COKER, P.L.L.C.
ATTORNEYS AT LAW
WESTHLLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-0268
OFFICE@YLCLAW.COM
(360) 357-7791

1   including, but not limited to, loss of monies paid by plaintiffs to defendants; out-of-pocket expenses

2   paid to repair work performed by defendants; and additional damages to be assessed at trial,

3   including costs incurred by plaintiffs for loss of work time and accrued interest.

4       5.5    The actions of defendants PFC, Ferner, and Hall were deceptive and were an unfair

5   business transaction in contravention to RCW Ch. 19.86.

6                **VI.    THIRD CAUSE OF ACTION: UNJUST ENRICHMENT**

7       6.1    Plaintiffs reassert the allegations contained in paragraphs 1.1 through 5.5 above.

8       6.2    Defendants have retained monies belonging to plaintiffs under circumstances which

9   would render it unjust and inequitable for defendants to retain those funds.

10       6.3    Plaintiffs are entitled to return of monies, in amounts to be determined at trial.

11                **VII.    FOURTH CAUSE OF ACTION: CLAIM AGAINST THE**
             **BONDING COMPANY, NAVIGATORS INSURANCE CO**

12

13       7.1    Defendant, Navigators Insurance Company is a Washington company doing business

in Thurston County, Washington and the surrounding areas.

14       7.2    Pursuant to RCW 18.27.040, defendant PFC maintained a bond with Navigators

15   Insurance Company in the amount of $12,000 under Bond Account No. NAV00007885, to guarantee

16   faithful performance on the part of said contractor.

17

18       7.3    As a result of actions by defendant PFC, said defendants breached the contract

entered into with plaintiffs.  As surety for defendant PFC, codefendant Navigators Insurance

19   Company (and its Bond No. NAV00007885) is liable for any damages assessed against defendant

20   PFC up to the amount of the bond posted.

21

22

COMPLAINT FOR BREACH OF
CONTRACT AND DAMAGES -- Page 7
9809-002

YOUNGLOVE & COKER, P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

## VIII. REQUEST FOR RELIEF

WHEREFORE, plaintiffs request that the Court enter judgment against PFC Properties, Inc.; its agents, Charles Ferner and Paul Haul and the martial communities thereof; and the bonding company, Navigators Insurance Company, as follows:

8.1     Awarding plaintiffs their claimed damages in an amount to be determined at trial.

8.2     Awarding plaintiffs treble damages in the maximum amount permitted by law, pursuant to RCW 19.86.090.

8.3     Awarding plaintiffs prejudgment interest on their damage award.

8.4     Awarding plaintiffs their reasonable attorney's fees and litigation expenses pursuant to RCW 19.86.090.

8.5     Awarding plaintiffs their statutory fees and costs.

8.6     Awarding plaintiffs any further or additional relief which the Court finds equitable, appropriate or just.

DATED this 6th day of August, 2021.

YOUNGLOVE & COKER, P.L.L.C.

GREGORY M. RHODES, WSBA #33897
Attorney for Plaintiffs

COMPLAINT FOR BREACH OF
CONTRACT AND DAMAGES – Page 8
9809-002

YOUNGLOVE & COKER, P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG #8
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

EXHIBIT 1

## Greg Rhodes

| From: | ferner2@comcast.net |
| --- | --- |
| Sent: | Wednesday, September 30, 2020 4:57 PM |
| To: | 'SUSAN BAKER' |
| Subject: | RE: material list |

I've answered all the red questions in a blue font.

From: SUSAN BAKER
Sent: Tuesday, September 29, 2020 8:56 PM
To: ferner2@comcast.net
Cc: mitchb77@comcast.net
Subject: RE: material list

Hi Chuck: thanks for your quick responses. I've added my comments in red within your email text below to keep the conversation more clear....

Thanks again,

Susan & Mitch

From: ferner2@comcast.net <ferner2@comcast.net>
Sent: Tuesday, September 29, 2020 5:15 PM
To: 'SUSAN BAKER' <susanb76@comcast.net>
Subject: RE: material list

9. There should be enough old siding to do both sides. We could do a wood grain Hardi-panel with 1 ½" vertical batts on 12" center on the gable end or T1-11.

Ok, glad you can reuse cedar siding. We think the Hardi -panel would look better on the east end. Please let us know how much we will need. 9 4'x8' sheets of hardi-panel. I probably have enough 1x2s for the batts.

14. We can do skylights. I still would like 4 square of roofing on site. If we have any extra bundles we can return them.
Okay good. We will have to figure out the skylights when we get further along.

15. Yes we can definitely use any insulation you have.
Okay good. We will buy any extra if we are short on the square footage.

16. yes we can add a man door to north side. If you want a 36" door we'll have to change 2 windows to 28w x 56h. Yes, we will plan on getting a man door with a full glass panel for the north side and we can change the design to just one window if that would be easier. On windows -- we found out tonight that anything that is not in stock at VJ's will take 3 to 3-1/2 weeks to order. So, the size that you have on your material list (32" x 56") will have to be ordered. They do have 30-1/4" x 53" and enough are in stock @ $159.00/ea. And, on a positive note -- the smaller size would allow them to fit between 32" on center studs. So we thought that may be a good option so we do not have to put off the project for weeks and it may save some framing costs. We think it would be enough light on the north side if we have the man door with glass panel, and have just one window the same size as all the others to make this an easier project. And, on a final note about windows -- they will have to order the gable windows. They don't have a matched pair anything close to the measurements needed. They will need another measurement in order to know exactly what to order -- the measurement for the shorter end. See the Quote sheet I attached. The north side door if centered should have a window on each side. If you want one window we should move the door to one side or the other with a big window filling the space. We can do the 30-1/4" x 53" (good price). The measurement you need for gable end windows is 16".

18. would you want to keep 6' door on south side?

1

We have two different French doors on hold at VJ's. One is a 6' French door with full window panels in casing @ $1200.00, the other is a 5' French door with the same general design, but we could add two side light 14" panels – one on either side- to make even more light on that wall than option one @ less cost of $800.00. But, we need to know from you if there is enough wall space for the second option. Yes there is room for 2 14" side windows

19. If we use drywall we'd use green rock, which is what's used in bathrooms. If you would like wood , we could go with a tongue and groove pine.

Thanks for the info on the drywall – we didn't know about green rock. Would pine be ridiculously more expensive? We are interested in pine for the interior if it is not insanely more expensive. We would need 503 sqft of pine. 5" t&g pine at Home depot is $1.56 a sqft. Might be cheaper if you shop around.

20. Same as 19.

21. We can do whatever you would like with door,

After all is said & done, we are probably going to leave it just as it is.

* yes we can reuse gutter.

Excellent.

**We can pick up any material you need us too.

Okay, good! Thank you!

***The only thing on this list that will increase labor cost is #19 if we go with wood. It would add $300.00 to labor cost. That's tolerable. We will decide whether we will go with the pine if you have some thoughts on the price difference we can expect.

I forgot to ask at VJ's if they give contractor discounts. If that could be arranged, we'd be tickled. If they do give the discount, how should we work this out? Also, we will also find out if they will just deliver materials since we are so close by. I don't think VJs does contractor discounts or whether they deliver or not? If they do give contractors discount give them Paul Halls name (he went to school with the owner). They are on the way to your place so we can pick anything up.

**From:** SUSAN BAKER
**Sent:** Tuesday, September 29, 2020 11:26 AM
**To:** ferner2@comcast.net
**Cc:** mitchb77@comcast.net
**Subject:** FW: material list

Hi Chuck:  We had a few questions before we dive into the materials order (in the order of your material list):

9. Siding – Will you be able to salvage and reuse our cedar siding since we won't be able to match it.  If no, what type of siding would work best and not look goofy with what we have?
14. Is it possible to put any skylights in the south-facing roof area? Can roofing materials be adjusted for that?
15. Can you use up the insulation we have stored? It is the same insulation you used for the mancave exterior walls.
16. On the north (front entrance of the house), there is a walkway to the patio now. We would like the plan adjusted to put a man door in where the existing walkway is so we can continue to access the room easily from the front side of the house like we do now. Can you adjust the plan for the door and a fewer number of windows placed to the left of that door as room allows? The door can be either solid core or have some glass in it. We can get to that detail later.
18. Doors adjusted per #16 above?
19. After giving it some thought, we are not sure drywall will hold up to the moisture we will create in the room with all our plants/bonsais. Can this be adjusted to put up some type of wood board interior? Something sanded that we could put a coat of sealer on to make sure we don't get mold/mildew going from plant moisture? Spring/summer/early fall should not be an issue because we will have windows to open, but winter could be a bugger.
20. Same as above.

2

21. This is a detail we didn't think about when you were here – the door that opens out from our living room onto the patio may need to stay that way for code..? If not, could we reverse it by resetting hinges, or something simple? Or, we could use it as the man door on the north walkway entrance an install a different door since it could be an interior door now?

Other:

- Will you be able to salvage the new gutter on patio and reuse?

Order/Pickup: If we do our orders at Ground Mound, could we work with you to get the contractor discount and could you pick up the large lumber package when it is time to have that on hand? We are happy to get the package ordered when we are sure what we need, and pay for it as well, and bring what we can easily haul/store home. We were hoping VJ's has the windows/doors we will need. We might run down there this evening and see what they have windows/doors/and floor tiles.

We were a bit surprised what labor would be, but we know you're going to be doing a lot of detailing and tedious tasks to make all work well. So we are good to go on the labor as bid. Hopefully the above adjustments won't blow that amount up, but please let us know if it does.

So many details! Hopefully I have it all noted. Let us know when you have a chance and we will get busy on lining this up.

Thank you Chuck,

Susan & Mitch


From: ferner2@comcast.net <ferner2@comcast.net>
Sent: Sunday, September 27, 2020 3:03 PM
To: susanb76@comcast.net; mitchb77@comcast.net
Subject: material list

Attached is the material list for your project. I would suggest taking it to Rochester Lumber to get started. Once you get their material estimate you'll have a better idea on what you need to do if you need to lower the cost. I didn't include items like nails, screws etc. but you can figure under $600.00 for material not listed. The labor for your project will be $8700.00. Please feel free to call or text if you have any questions.
Thank you for giving us the opportunity to bid on your project.
Chuck Ferner
PFC PropertiesInc.

3

## Material list for sunroom

| | DESCRIPTION | QUANTITY |
|---|---|---|
| 1. | 2"x6"-12' p.t. | 4 |
| 2. | 2"x6"-8' k.d. | 60 |
| 3. | 2"x6"-16' k.d. | 16 |
| 4. | 2"x10-"8' | 4 |
| 5. | 4'x8'x7/16" OSB | 21 |
| 6. | 2"x12"-16' k.d. | 1 |
| 7. | 4 ½"x5/8" foundation bolts | 16 |
| 8. | 4"x75' window flashing tape rolls | 2 |
| 9. | Siding and house wrap | 420 sqft. |
| 10. | 5/4"x8'-16' primed fascia | 2 |
| 11. | 5/4"x8"-14' primed fascia | 2 |
| 12. | 5/4"x4"-8 primed spruce | 32 |
| 13. | Roll 15lb. roofing felt | 1 |
| 14. | Asphalt roofing | 4 square |
| 15. | R-19 kraft faced insulation on 16" center 93" batts | 450 sqft. |
| 16. | 32"w x 56"h double hung windows | 9 |
| 17. | 72"w x 40"h angled window for gable end ( angled to match 4-12 roof pitch) | 1 left, 1 right |
| 18. | 72" x 80" ext. slider or 72" French doors | 1 |
| 19. | 4'x8'x1/2" drywall | 8 |
| 20. | 4'x8'x5/8" type x drywall | 12 |
| 21. | 1"x4" primed MDF window and door casing | 165 l.f. |
| 22. | Window and door interior trim | 183 l.f. |
| 23. | Flooring | 250 sqft. |

EXHIBIT 2



**Invoice**

PFC Properties
P.O. Box 481
Centralia, WA 98531
360-520-5449

DATE: 12/24/2020

TO:  Susan & Mitch Baker
8233 173rd Ave. SW
Rochester, WA 98579

| | DESCRIPTION | PRICE |
|---|---|---|
| 1. | Build Sunroom | $8900.00 |
| 2. | Insulate attic | $150.00 |
| 3. | Install propane stove | $550.00 |
| | Material= | $336.95 |
| | SUBTOTAL | $ 9936.95 |
| | DOWN PAYMENT | -$6500.00 |
| | TOTAL | $3436.95 |

THANK YOU FOR YOUR BUSINESS!

# EXHIBIT B



AmTrust North America
An AmTrust Financial Company

September 14, 2021

PFC Properties, Inc.
P.O. Box 481
Centralia, WA 98513
Email: ferner2@comcast.net

Charles Ferner
P.O. Box 481
Centralia, WA 98513
Email: ferner2@comcast.net

Paul Hall
PFC Properties, Inc.
P.O. Box 481
Centralia, WA 98513
Email: ferner2@comcast.net

Re:   **Robert M. Baker and Susan C. Baker v. PFC Properties, Inc., Navigators Insurance Company, Bonding Company, Bond No. NAV00007885, Charles Ferner and "Jane Doe" Ferner, and Paul Hall and "Jane Doe" Hall**

| | |
|---|---|
| Insurance Co.: | Security National Insurance Company |
| Our File No.: | 3371185-1 |
| Policyholder: | PFC Properties, Inc. |
| Policy No.: | XXXXX6013-00 |
| Effective Dates: | August 24, 2020 to August 24, 2021 |
| Claimant: | Susan C Baker and Robert M. Baker |
| Date of Loss: | On or about January 22, 2021 |
| Loss Location: | 8233 173rd Avenue SW, Rochester, WA 98579 |

Dear PFC Properties, Inc., Mr. Ferner and Mr. Hall:

AmTrust North America is the claims administrator for Security National Insurance Company ("Security"), the general liability carrier for PFC Properties, Inc., and we received a claim against PFC and PFC's governor and president Charles Ferner and PFC's governor Paul Hall (collectively, "PFC"), in connection with the above captioned matter. Security has undertaken a careful investigation of this claim. On behalf of Security, we respectfully inform you that, based on the information to date and

**AmTrust North America, Inc.**
P.O. Box 89404 · Cleveland, OH 44101-6404 · amtrustclaims@amtrustgroup.com Phone (858) 385-4040 · Fax (678) 258-8395

PFC Properties, Inc.                                                                      Page 2
September 14, 2021

the policy terms, coverage is not available under the policy issued to PFC.  PFC may wish to take steps to protect its interests.  PFC may wish to retain its own attorney, at its own expense, to represent its interest in any uninsured exposure.

We recount the relevant facts, based on information received to date, and based on the assertions made by the parties in the above-referenced litigation.  In so doing, we do not intend to suggest that the assertions are true, but do so only as they are relevant to our coverage determination.

On December 24, 2020, claimants entered into an agreement with PFC to build a sunroom, insulate the attic and install a propane stove.  Claimants allege that work on the project began in October 2020, and the last day PFC worked on the sunroom was January 22, 2021.  Claimants allege PFC abandoned the project and did not complete the work PFC agreed to complete pursuant to the contract with the claimants. Additionally, claimants allege the repair and remediation of PFC's work will include reinstalling the entire roof over the new sunroom.

In the complaint, claimants set forth the following causes of action against PFC:

1. Breach of Contract;
2. Claims under the Washington State Consumer Protection Act (RCW 19.86.090);
3. Unjust Enrichment; and
4. Claim against the Bonding Company, Navigators Insurance Company.

In this letter, we may paraphrase the policy language or quote only part of a provision.  We do so in order to make the letter clearer and easier to read.  We do not intend to misquote, misstate, or misrepresent any part of the above-referenced policy.  If there is a discrepancy between this letter and the policy language, the above-referenced policy's language governs.  In addressing only certain terms, conditions, and exclusions, we neither waive nor intend to waive our right to assert any other terms, conditions, and exclusions that might apply to limit or defeat coverage.

Security issued policy number XXXXX6013-00 with effective dates of August 24, 2010 to August 24, 2021 to PFC.  The policy provides General Liability coverage subject to form CG 00 01 12 07.  The applicable limits are $1,000,000 per Occurrence with a General Aggregate Limit of $2,000,000 and a Products/Completed Operations Aggregate Limit of $2,000,000.  A $500 deductible per claim applies to the liability coverage.

PFC Properties, Inc.                                                          Page 3
September 14, 2021

First, we refer you to policy form CG 00 01 12 07, at Section I – Coverages,
Coverage A Bodily Injury and Property Damage Liability, paragraph 1 and Coverage B
Personal and Advertising Injury Liability, paragraph 1, which state in part:

### SECTION I – COVERAGES
### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**
   a. **We will pay those sums that the insured becomes legally
      obligated to pay as damages because of "bodily injury" or
      "property damage" to which this insurance applies. We will
      have the right and duty to defend the insured against any
      "suit" seeking those damages. However, we will have no duty
      to defend the insured against any "suit" seeking damages for
      "bodily injury" or "property damage" to which this insurance
      does not apply. We may, at our discretion, investigate any
      "occurrence" and settle any claim or "suit" that may result.**

   *                  *                  *

   b. **This insurance applies to "bodily injury" and "property
      damage" only if:
      (1) The "bodily injury" or "property damage" is caused by an
          "occurrence" that takes place in the "coverage territory";**

   *                  *                  *

### COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1. **Insuring Agreement**
   a. **We will pay those sums that the insured becomes legally
      obligated to pay as damages because of "personal and
      advertising injury" to which this insurance applies. We will
      have the right and duty to defend the insured against any
      "suit" seeking those damages. However, we will have no duty
      to defend the insured against any "suit" seeking damages for
      "personal and advertising injury" to which this insurance does
      not apply. We may, at our discretion, investigate any offense
      and settle any claim or "suit" that may result.**

   *                  *                  *

b. **This insurance applies to "personal and advertising injury"
caused by an offense arising out of your business but only if
the offense was committed in the "coverage territory" during
the policy period.**

"Bodily injury" "property damage," "occurrence" and "personal and advertising
injury" are defined in Section V - Definitions of policy form CG 00 01 12 07 as follows:

**"Bodily injury" means bodily injury, sickness or disease sustained
by a person, including death resulting from any of these at any time.**

  \*     \*     \*

**"Property damage" means:
 a. Physical injury to tangible property, including all resulting loss
  of use of that property. All such loss of use shall be deemed to
  occur at the time of the physical injury that caused it; or
 b. Loss of use of tangible property that is not physically injured.
  All such loss of use shall be deemed to occur at the time of the
  "occurrence" that caused it.**

**For the purposes of this insurance, electronic data is not tangible
property.**

**As used in this definition, electronic data means information,
facts or programs stored as or on, created or used on, or
transmitted to or from computer software, including systems and
applications software, hard or floppy disks, CD-ROMS, tapes,
drives, cells, data processing devices or any other media which
are used with electronically controlled equipment.**

\*     \*     \*

**"Occurrence" means an accident, including continuous or repeated
exposure to substantially the same general harmful conditions.**

\*     \*     \*

"Personal and advertising injury" means injury, including
consequential "bodily injury", arising out of one or more of the
following offenses:

a. False arrest, detention or imprisonment;
b. Malicious prosecution;
c. The wrongful eviction from, wrongful entry into, or invasion of
   the right of private occupancy of a room, dwelling or premises
   that a person occupies, committed by or on behalf of its
   owner, landlord or lessor;
d. Oral or written publication, in any manner, of material that
   slanders or libels a person or organization or disparages a
   person's or organization's goods, products or services;
e. Oral or written publication, in any manner, of material that
   violates a person's right of privacy;
f. The use of another's advertising idea in your "advertisement";
   or
g. Infringing upon another's copyright, trade dress or slogan in
   your "advertisement".

The policy provides coverage for "bodily injury" or "property damage" that occurs
during the policy period caused by an "occurrence" or for "personal and advertising
injury." Insomuch as claimants seek to recover damages for conduct that does not rise
to the level of an "occurrence" or an accident, the policy provides no coverage in that
respect. To the extent this matter does not involve a claim for "bodily injury" or "property
damage" caused by an accident or "occurrence" or "personal and advertising injury," no
coverage is available under the policy as set forth in the above-cited provisions.

Moreover, insomuch as claimants seek to recover economic losses, those losses
do not constitute "bodily injury," "property damage," and "personal and advertising
injury," and there is no coverage for such claims. Here, claimants seek to recover
amounts claimants allege they paid to PFC to complete the work PFC agreed to
perform pursuant to the contract with claimants and seeks the return of such monies
and claimants further seek damages for violations of the Consumer Protection Act.
There is no coverage for such claims or similar claims seeking economic damages.

Also, there is no obligation under the policy to pursue affirmative claims for
economic relief, and Security's coverage does not require it to pursue any such
potential claim for payment recovery from claimant or any third-party.

Further, claims for defective and/or faulty work, workmanship, and/or
performance of work on the part of a contractor, such as PFC, or breach of contract

because of a failure by the contractor to complete work in accordance with the terms of the contract that do not cause consequential damage to other property, are not claims for "bodily injury" or "property damage" caused by an accident or "occurrence," and are not claims for "personal and advertising injury." Accordingly, since claimants identify no resultant and/or consequential damage to other property, no coverage is available under the policy as set forth in the above-cited provisions.

Second, we refer you to Coverage A Bodily Injury and Property Damage Liability, paragraph 2. Exclusions, subparagraph j, which states in part:

**2. Exclusions**
   **This insurance does not apply to:**

   \*              \*                    \*   ·

   **j.  Damage To Property**
        **"Property damage" to:**

        \*              \*                    \*

        **(4) Personal property in the care, custody or control of the insured;**
        **(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or**
        **(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.**

        \*              \*                    \*

        **Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".**

"Products-completed operations hazard," "your work" and "your product" are defined in Section V – Definitions as follows:

   **"Products-completed operations hazard":**

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or
(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
   (a) When all of the work called for in your contract has been completed.
   (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
   (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

b. Does not include "bodily injury" or "property damage" arising out of:

(1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;
(2) The existence of tools, uninstalled equipment or abandoned or unused materials; or
(3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

    *                *              *

"Your Work"

a. Means:
   (1) Work or operations performed by you or on your behalf; and
   (2) Materials, parts or equipment furnished in connection with such work or operations.
b. Includes:

        (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        (2) The providing of or failure to provide warnings or instructions.

    \*        \*        \*

"Your product":
- a. Means:
    - (1) Any goods or products, other than real property, manufactured, manufactured, sold, handled, distributed or disposed of by:
        - (a) You;
        - (b) Others trading under your name; or
        - (c) A person or organization whose business or assets you have acquired; and
    - (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
- b. Includes:
    - (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product", and
    - (2) The providing of or failure to provide warnings or instructions.
- c. Does not include vending machines or other property rented to or located for the use of others but not sold.

Claimants assert that PFC's work was faulty and, as a result, its work must be replaced, repaired or completed. The policy does not provide coverage for "property damage" to personal property in the care, custody or control of PFC. Also, the policy does not provide coverage for "property damage" for that particular part of real property on which PFC was working if the damages arise out of those operations. The coverage also does not apply to that particular part of any property that must be restored, repaired or replaced because any insured's work was incorrectly performed on it. Since claimant alleges no resultant "property damage," the policy provides no coverage pursuant to these policy exclusions.

Third, we refer you to Coverage A Bodily Injury and Property Damage Liability, paragraph 2. Exclusions, subparagraph k, which states:

**2. Exclusions**
**This insurance does not apply to:**

   \*               \*               \*

**k. Damage To Your Product**
   **"Property damage" to "your product" arising out of it or any**
   **part of it.**

   To the extent, if any, this matter involves "property damage" caused by an
"occurrence" and that damage is to "your product" arising out of it or any part of it, no
coverage is available under the policy as set forth in the above-cited provision.

   Fourth, we refer you to Coverage A Bodily Injury and Property Damage Liability,
paragraph 2. Exclusions, subparagraph l, which states:

**2. Exclusions**
**This insurance does not apply to:**

   \*               \*               \*

**l. Damage To Your Work**
   **"Property damage" to "your work" arising out of it or any part**
   **of it and included in the "products-completed operations**
   **hazard".**

   **This exclusion does not apply if the damaged work or the work**
   **out of which the damage arises was performed on your behalf**
   **by a subcontractor.**

   Claimants assert that PFC's work was faulty and caused damage to PFC's own
work and must be repaired, redone or completed.   We understand PFC did not use
subcontractors for this construction project. To the extent, if any, this matter involves
"property damage" caused by an "occurrence" and that damage is to "your work" arising
out of it or any part of and is included in the "products-completed operations hazard,"
and the damaged work or the work out of which the damage arises was not performed
on your behalf by a subcontractor, no coverage is available under the policy as set forth
in the above-cited provision.

Fifth, we refer you to Coverage A Bodily Injury and Property Damage Liability, paragraph 2. Exclusions, subparagraph m, which states:

**2. Exclusions**
**This insurance does not apply to:**

\*              \*              \*

m. **Damage To Impaired Property Or Property Not Physically Injured** "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

"Impaired property" is defined in Section V – Definitions of the policy as follows:

**"Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:**

a. **It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or**
b. **You have failed to fulfill the terms of a contract or agreement;**
**if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.**

Claimants allege that PFC's work was faulty and must be repaired, redone or completed.  To the extent, if any, this matter involves "property damage" caused by an "occurrence," since that damage is to property that has not been physically injured or to "impaired property" i.e. tangible property that cannot be used or is less useful because it incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous or because PFC failed to fulfill the terms of the

PFC Properties, Inc.                                                    Page 11
September 14, 2021

contract or agreement, and that property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or by your fulfilling the terms of the contract or agreement, no coverage is available under the policy as set forth in the above-cited provision.

For the reasons set forth above, Security is disclaiming coverage of this matter to PFC.

Security reserves its rights to assert any and all applicable exclusions in the future, as warranted.

This communication is not intended to be and should not be construed as an exhaustive listing of all policy terms and conditions that may apply to this matter. Nothing set forth in this letter shall be deemed as a waiver on the part Security to assert the applicability of any other policy provisions, terms, definitions or exclusions. Security reserves the right to supplement and/or to amend its coverage positions should facts and circumstances indicate the need to do so in connection with this matter. Security specifically reserves its right to rely upon any additional terms, conditions, limitations, exclusions or provisions of any policy of insurance or applicable law to support its coverage determination, whether stated herein or otherwise.   Security expressly reserves its right to raise any and all defenses to coverage, including the right to disclaim coverage on any other basis or bases that may become apparent. Security also reserves the right to seek declaratory relief in an appropriate forum, if necessary.

Neither this communication, nor any prior or subsequent communications or action on the part of Security, or any agent or representative thereof, should be construed as a waiver of any rights, positions or defenses held by Security.  Security hereby reserves all its rights, positions and defenses in the matter.

This letter is based upon the information, facts, and circumstances known to Security at this time.  Should you have or receive any information that you believe may impact this coverage determination in any way, please contact the undersigned in writing and provide any such documentation for our review and further consideration. Please do not hesitate to contact me with any further questions, comments, or concerns.

If you have questions or concerns about the actions of your insurance company or agent, or would like information on your rights to file an appeal, contact the Washington state Office of the Insurance Commissioner's consumer protection hotline at 1-800-562-6900 or visit www.insurance.wa.gov. The insurance commissioner

PFC Properties, Inc.                                              Page 12
September 14, 2021

protects and educates insurance consumers, advances the public interest, and provides
fair and efficient regulation of the insurance industry.

Very truly yours,

Terri Warde AIC-M
Claims Supervisor
214-360-8256 phone

TW:es

cc:    Builders & Tradesmen's Insurance Services
       6610 Sierra College Boulevard
       Rocklin, CA 95677
       ahadrick@btisinc.com

       Contractor's Insurance NV
       6541 Sexton Drive, NW Building F
       Olympia, WA 98502
       Binds@cinwinc.com

## DECLARATION OF MAILING

Jackie Hume certifies and declares as follows:

1.      I am a Legal Assistant at Scuderi Law Offices, P.S., over the age of majority and competent to testify to the facts set forth herein.

2.      On November 3, 2021, I sent PFC Properties, Inc.'s IFCA Letter Coversheet regarding Security National Insurance Company, via certified mail, return receipt requested, postage prepaid and first-class US mail to:

> Office of the Insurance Commissioner
> Insurance Fair Conduct Act Claim Notification
> Office Support Unit
> PO Box 40255
> Olympia, WA 98504-0255

3.      On November 3, 2021, I sent PFC Properties, Inc.'s IFCA Letter and Coversheet to Security National Insurance Company, via both certified mail, return receipt requested, postage prepaid and first class US mail, postage prepaid to the following address:

> Security National Insurance Company
> 800 Superior Ave E, 21st Floor
> Cleveland, OH 44114

4.      On November 3, 2021, I sent PFC Properties, Inc.'s IFCA Letter and Coversheet to AmTrust North America, Inc, via both certified mail, return receipt requested, postage prepaid and first class US mail, postage prepaid to the following address:

> AmTrust North America, Inc.
> P.O. Box 89404
> Cleveland, OH 44101-6404

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THE FOREGOING IS TRUE AND CORRECT.

SIGNED at Olympia, Washington this 3rd day of November, 2021.

Jackie Hume

**SCUDERI**
**LAW**
**OFFICES, P.S.**
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501

TELEPHONE (360) 534-9183
FACSIMILE (360) 956-9795

JOSEPH W. SCUDERI#
JEREMEY D. DOBBINS

# ALSO ADMITTED IN ALASKA, OREGON, GUAM &
MINNESOTA

November 3, 2021

*Sent via Certified Mail, return receipt requested, and First Class U.S. Mail*

Security National Insurance Company
800 Superior Ave E, 21st Floor
Cleveland, OH 44114

AmTrust North America, Inc.
P.O. Box 89404
Cleveland, OH 44101-6404

|  | Re: | Insureds | : | PFC Properties, Inc. |
|---|---|---|---|---|
|  |  | Insurance Policy | : | NA116674302 |
|  |  | Your Claim No. | : | 3371185-1 |
|  |  | Loss Location | : | 8233 173rd Ave. SW, Rochester, WA |

Security National Insurance Company/AmTrust North America:

I am representing PFC Properties, Inc., and its principals Charles Ferner and Paul Hall. You are a first party insurer to my clients. Attached is a letter previously sent to you on October 13, 2021. Exhibit A. Today you forwarded me a response you sent your insureds on September 14, 2021. Exhibit B. You are denying any duty to defend or indemnify. This November 3 letter is an Insurance Fair Conduct Act letter pursuant RCW 48.30.015 and in response to your position not to defend or indemnify.

On August 6, 2021, a complaint was filed against your insureds. A copy is attached to Exhibit A referenced above. There are broad allegations of property damage. The insureds have previously requested that you investigate, defend, and ind—. ... foul of defend and have denied coverage.

The duty to defend is strictly construed in Washin— ... *Fund Ins. Co.*, 161 Wn.2d 43, 164 P.3d 454 (2007). Secu— ... at least the following unfair settlement practices regulatio— ... 350; WAC 284-30-360; WAC 284-30-370; and WAC 28— ... National/AmTrust is in violation of statutory and common— ... 48.01.030. Security National/AmTrust is in violation of t— ... investigation. *Coventry Assoc. v. Am. States Ins. Co.*, 136— ...

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$ 3.75

Extra Services & Fees (check box, add fee as appropriate)
☒ Return Receipt (hardcopy)      $ 3.65
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required        $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here
11/3/21

Postage
$ 1.13

Total Postage and Fees
$ 7.93

Sent To  AmTrust North America, Inc.

Street and Apt. No., or PO Box No.  P.O. Box 89404

City, State, ZIP+4®  Cleveland, OH  44101-6404

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7018 3090 0000 3756 7621

**SCUDERI
LAW
OFFICES, P.S.**
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501

TELEPHONE (360) 534-9183
FACSIMILE (360) 956-9795

JOSEPH W. SCUDERI#
JEREME Y D. DOBBINS

# ALSO ADMITTED IN ALASKA, OREGON, GUAM &
MINNESOTA

November 3, 2021

*Sent via Certified Mail, return receipt requested, and First Class U.S. Mail*

Security National Insurance Company
800 Superior Ave E, 21st Floor
Cleveland, OH 44114

AmTrust North America, Inc.
P.O. Box 89404
Cleveland, OH 44101-6404

| Re: | Insureds | : | PFC Properties, Inc. |
|-----|----------|---|----------------------|
|  | Insurance Policy | : | NA116674302 |
|  | Your Claim No. | : | 3371185-1 |
|  | Loss Location | : | 8233 173rd Ave. SW, Rochester, WA |

Security National Insurance Company/AmTrust North America:

I am representing PFC Properties, Inc., and its principals Charles Ferner and Paul Hall. You are a first party insurer to my clients. Attached is a letter previously sent to you on October 13, 2021. Exhibit A. Today you forwarded me a response you sent your insureds on September 14, 2021. Exhibit B. You are denying any duty to defend or indemnify. This November 3 letter is an Insurance Fair Conduct Act letter pursuant RCW 48.30.015 and in response to your position not to defend or indemnify.

On August 6, 2021, a complaint was filed against your insureds. A copy is attached to Exhibit A referenced above. There are broad allegations of property damage. The insureds have previously requested that you investigate, defend, and ind—————————————————— and have denied coverage.

The duty to defend is strictly construed in Washir
*Fund Ins. Co.*, 161 Wn.2d 43, 164 P.3d 454 (2007). Secu
at least the following unfair settlement practices regulatio
350; WAC 284-30-360; WAC 284-30-370; and WAC 28
National/AmTrust is in violation of statutory and commo
48.01.030. Security National/AmTrust is in violation of v
investigation. *Coventry Assoc. v. Am. States Ins. Co.*, 136

**SCUDERI**
**LAW**
**OFFICES, P.S.**
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501

TELEPHONE (360) 534-9183
FACSIMILE (360) 956-9795

JOSEPH W. SCUDERI#
JEREMEY D. DOBBINS

# ALSO ADMITTED IN ALASKA, OREGON, GUAM &
MINNESOTA

November 9, 2021

*Sent via Certified Mail, return receipt requested, and First Class U.S. Mail*

Clear Springs Property and Casualty Company
227 West Monroe
Chicago, IL 60606

| Re: | Insureds | : | PFC Properties, Inc. |
|-----|----------|---|----------------------|
|     | Insurance Policy | : | CB001820600 |
|     | Loss Location | : | 8233 173rd Ave. SW, Rochester, WA |

Clear Springs Property and Casualty Company:

I am representing PFC Properties, Inc., and its principals Charles Ferner and Paul Hall. You are a first party insurer to my clients. Attached is a letter previously sent to you on October 13, 2021, Exhibit A. This November 9 letter is an Insurance Fair Conduct Act letter pursuant RCW 48.30.015 and in response to your position not to defend or indemnify.

On August 6, 2021, A complaint was filed against your insureds. A copy is attached to Exhibit A referenced above. There are broad allegations of property damage. The insureds have previously requested that you investigate, defend, and indemnify. You have refused to defend and have denied coverage. Your adjuster called and informed me that the complaint is ambiguous to when the injury occurred, suggesting that it is outside of the coverage period, so the insurer will find no coverage.

The duty to defend is strictly construed in Washington State. *See, e.g., Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 164 P.3d 454 (2007 Clear Springs Property and Casualty Company is in violation of at least the following unfair settlement practices regulations: WAC 284-30-330; WAC 284-30-350; WAC 284-30-360; WAC 284-30-370; and WAC 284-30-380. In addition, Clear Springs Property and Casualty Company is in violation of statutory and common law duty of good faith. RCW 48.01.030. Clear Springs Property and Casualty Company is in violation of the duty to conduct a full and fair investigation. *Coventry Assoc. v. Am. States Ins. Co.*, 136 Wn.2d 269, 961 P.2d 933 (1998).

We disagree with your position. While my client disputes the allegations in the complaint, we did not draft the complaint filed. Any ambiguity in it is construed in favor of the insured. The slightest possibility of coverage triggers a duty to defend. You could and should have, at a minimum, defended under a reservation of rights. You chose instead to abandon your

Insurance Fair Conduct Act Letter Clear Springs Property and Casualty Company
Policy No. CB001820600
Insured: PFC Properties, Inc
November 9, 2021
Page 2

insureds. That is bad faith.

In order to resolve this claim, you need to start defending without reservation. You also need to compensate the insureds for all extracontractual harm they have suffered, including but not limited to, any attorney, expert, or other fees and costs incurred.

If you fail to resolve this matter in twenty days, my clients will have the right to bring an action without further notice. RCW 48.30.015(8)(b). Nothing in this letter affects my clients' right to bring an action under other legal theory, including but not limited to, breach of contract, negligence, bad faith, and Consumer Protection Act violations under Chapter 19.86 RCW.

Thank you.

Very truly yours,

Jospeh Scuderi

Enclosures: as stated
Cc:      Clients
         Washington Office of the Insurance Commissioner (with IFCA Cover Sheet)

# EXHIBIT A

SCUDERI
LAW
OFFICES, P.S.
ATTORNEYS AT LAW

924 CAPITOL WAY SOUTH
OLYMPIA, WASHINGTON 98501

TELEPHONE (360) 534-9183
FACSIMILE (360) 956-9795

JOSEPH W. SCUDERI#
JEREMEY D. DOBBINS

#ALSO ADMITTED IN ALASKA, OREGON, GUAM &
MINNESOTA

October 13, 2021

*Sent Via First Class U.S. mail*

*Clear Springs Property and Casualty Company*
*227 West Monroe*
*Chicago, IL 60606*

>       Re:    *Robert M. Baker and Susan C. Baker v. PFC Properties, Inc., et al.*
>              Thurston County Superior Court Case 21-2-01358-34

>              Insurance Policy: CB001820600

Dear Insurer:

I represent defendants PFC Properties, Inc., Navigators Insurance Company Bond No. NAV00007885, Charles Ferner and "Jane Doe" Ferner, and Paul and "Jane Doe" Hall. They have been sued by Robert M. Baker and Susan C. Baker. A copy of the Complaint is enclosed.

We tender this matter to you for defense, investigation and indemnity under the above referenced policy and any other policies that you issued to my clients. Thank you.

Very truly yours,

(sent without signature to avoid delay)

Joseph Scuderi

Enclosures: As Stated
Cc: Clients

21-2-01358-34
CMP         3
Complaint
10786866

15

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
08/06/2021 11:33:25 AM
Linda Myhre Enlow
Thurston County Clerk

Hearing Date: _____
Hearing Time: _____
Judge/Calendar: _____

**SUPERIOR COURT OF WASHINGTON
FOR THURSTON COUNTY**

ROBERT M. BAKER and SUSAN C. BAKER, a
married couple,

       Plaintiffs,

v.

PFC PROPERTIES, INC., a Washington for-profit
corporation; NAVIGATORS INSURANCE
COMPANY, Bonding Company, Bond No.
NAV00007885; CHARLES FERNER and "JANE
DOE" FERNER, individually and the marital
community comprised thereof; and PAUL HALL
and "JANE DOE" HALL, individually and the
marital community comprised thereof,

       Defendants.

NO.  21-2-01358-34

COMPLAINT FOR BREACH
OF CONTRACT AND DAMAGES

   Comes now the plaintiffs, Robert M. Baker and Susan C. Baker, by and through their

attorney of record, Gregory M. Rhodes of YOUNGLOVE & COKER, P.L.L.C., and, for cause of

action against the defendants, complain and allege as follows:

COMPLAINT FOR BREACH OF
CONTRACT AND DAMAGES -- Page 1
9309-002

YOUNGLOVE & COKER, P.L.L.C.
ATTORNEYS AT LAW
WEST-HILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 18
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

# I.   PARTIES

1.1     The plaintiffs, Robert M. Baker and Susan C. Baker (collectively "Bakers"), are a married couple and residents of Thurston County, Washington.

1.2     Defendant, PFC Properties, Inc. (hereinafter "PFC"), is a regular for-profit corporation licensed to do business in the State of Washington under UBI No. 603 532 802, and has its principal business located in Centralia, Lewis County, Washington. PFC was administratively dissolved on August 31, 2019, and, upon information and belief, this dissolution has not been remedied or reversed. Defendant conducts business in Thurston County and the surrounding areas of Washington.

1.3     Pursuant to RCW 18.27.040, defendant, PFC Properties, Inc., maintained a bond with the Navigators Insurance Company with the Department of Labor and Industries in the amount of $12,000 (Bond No. NAV00007885) to guarantee faithful performance on the part of said contractor. Said Bond is effective through August 20, 2021.

1.4     Defendants, Charles Ferner and "Jane Doe" Ferner (collectively "Ferner"), are now and, at all times material hereto, were husband and wife. Upon information and belief defendants are residents of Lewis County, Washington. Any acts alleged herein to have been committed by either or both defendant Ferner, were done on behalf of their marital community. Defendant, Charles Ferner, was a Governor/Owner of PFC Properties, Inc. Defendant Ferner contracted to perform services for plaintiffs while acting as an agent of the dissolved corporation, PFC.

1.5     Defendants, Paul Hall and "Jane Doe" Hall (collectively "Hall"), are now and, at all times material hereto, were, husband and wife. Upon information and belief, defendants are residents of Lewis County, Washington. Any acts alleged herein to have been committed by either or

COMPLAINT FOR BREACH OF
CONTRACT AND DAMAGES – Page 2
9809-002

YOUNGLOVE & COKER, P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98607-7646
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

1  both defendant Hall, were done on behalf of their marital community.  Defendant, Paul Hall, was a
2  Governor/Owner of PFC Properties, Inc.    Defendant Hall contracted to perform services for
3  plaintiffs while acting as an agent of the dissolved corporation, PFC.

4  ## II.    JURISDICTION AND VENUE

5    2.1    The Superior Court of Thurston County, State of Washington, has jurisdiction over
6  the parties and subject of this Complaint because all events giving rise to this cause of action
7  occurred in Thurston County, Washington.

8    2.2    Venue is proper in Thurston County.  Plaintiffs reside in Thurston County and this
9  complaint involves work performed on plaintiffs' Thurston County residence.  The defendant, PFC
10  Properties, Inc., is a dissolved Washington for-profit corporation doing business in Thurston County
11  and the surrounding areas of Washington, with its principal place of business in Lewis County,
12  Washington.  Defendants Hall and Ferner acted individually on behalf of the dissolved corporation
13  by contracting for construction services in Thurston County.  Defendant, Navigators Insurance
14  Company, the bonding company, contracts to do business in Thurston County, Washington and the
15  surrounding areas.

16  ## III.    BACKGROUND FACTS

17    3.1    In approximately late-September 2020, plaintiffs contracted with defendants Hall and
18  Ferner, who were acting as PFC Properties, Inc. (hereinafter "PFC"), for the purpose of building a
19  sunroom addition to their home located at 8233 173rd Avenue SW, Rochester, Thurston County,
20  Washington.  (See Exhibit 1, hereto.)

21    3.2    Plaintiffs discussed the project and its parameters in great detail with defendants.

22    3.3    Based on these discussions and parameters, defendant PFC estimated and billed

COMPLAINT FOR BREACH OF
CONTRACT AND DAMAGES – Page 3
9809-002

YOUNGLOVE & COKER, P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

1    plaintiffs for the total costs of its labor to build the sunroom, in the amount of $9,600, which amount

2    was paid in full to defendants. A copy of an Invoice detailing the cost of labor for the project from

3    PFC is attached hereto and incorporated herein as Exhibit 2.

4       3.4     Plaintiffs paid the entire amount of PFC's Invoice in installments on 10/26/20

5    ($4500), 11/19/20 ($2000), 12/23/20 ($3000) and 1/22/21 (S100.00). The amount of labor costs paid

6    to PFC represented PFC's bid for labor costs equaling one hundred percent (100%) of the project.

7       3.5     Plaintiffs additionally agreed to and did pay for the costs of all supplies and materials

8    out-of-pocket in the amount of approximately $16,370.15.

9       3.6     Site work on the project began in October 2020, and the last day defendant PFC

10    worked on the sunroom was January 22, 2021.

11       3.7     When they abandoned the project, PFC left both interior and exterior work on the

12    sunroom addition incomplete. PFC assured plaintiffs they would return to finish the project, but

13    have not done so. PFC left the project incomplete by failing to complete project tasks, including but

14    not limited to: finishing exterior wall siding; performing necessary caulking; boxing in soffits;

15    completing interior wood trim; finishing electrical trim; and leaving the main light fixture and paddle

16    fan electrically inoperable.

17       3.8     PFC also caused damage to plaintiffs' home by damaging installed interior woodwork

18    by leaving stains and grime on every board during installation. The grime included dirty

19    fingerprints, palm prints, scuffs, gouges, and boot prints from employees that were left to do the

20    installation without close supervision. The interior woodwork in the home is T&G pine, which is

21    very blond, light wood. Plaintiffs were required to expend approximately sixty (60) hours sanding

22    and re-oiling to finish and repair the damages caused by PFC and its employees.

COMPLAINT FOR BREACH OF
CONTRACT AND DAMAGES -- Page 4
9809-002

YOUNGLOVE & COKER, P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS I OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-0266
OFFICE@YLCLAW.COM
(360) 357-7791

1

2      3.9    Additionally, defects in PFC's construction require repair and remediation. This

3  includes, but is not limited to, reinstallation of the entire roof over the new sunroom. PFC's

4  substandard installation, defective construction, and use of substandard materials has created a

5  situation where the only viable option for remediation is to entirely replace the roof. Plaintiffs have

6  incurred additional costs to repair and replace the roof, including additional interior and exterior

7  work.

8      3.10   The lack of PFC's supervision contributed to unsatisfactory work. Plaintiffs began

9  consistently communicating their concerns that the work product was deficient in its quality. What

10  little work PFC did was done in an unworkmanlike and unprofessional manner.

11     3.11   Defendants PFC, Ferner, and Hall breached their contractual, statutory, and common

12  law obligations to plaintiffs.

13     3.12   Defendants, PFC, Ferner, and Hall provided construction services valued at far less

14  than the $9,600 paid by plaintiffs.

15     3.13   As a result of defendants PFC's, Ferner's, and Hall's, breach of contract and poor

16  workmanship, plaintiffs suffered damages in the form of additional expenses; including, but not

17  limited to, the costs of finishing work which defendants contracted for and failed to perform, and

18  remediating and repairing substandard work that did not reflect the product defendants promised and

19  contracted to provide. These damages include the costs of labor and obtaining new construction

20  materials.

21     3.14   Additionally, plaintiffs have expended over sixty (60) hours of personal labor

22  remediating defendants' substandard work and damages.

YOUNGLOVE & COKER, P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7848
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

## IV.   FIRST CAUSE OF ACTION:  BREACH OF CONTRACT

4.1     Plaintiffs reallege all the allegations of facts as indicated above.

4.2     Pursuant to the agreement entered into by and between plaintiffs and defendants, plaintiffs paid monies to defendants in the belief that defendants would perform work negotiated for relating to the construction of a sunroom addition to their home.  Defendants have wholly failed to perform said work as negotiated with plaintiffs, and have breached said contract by (1) failing to perform; (2) performing work that is defective and does not represent the product which defendants promised and for which plaintiffs negotiated; and (3) fraudulently billing plaintiffs for work that was not performed or not completed.

4.3     Plaintiffs have been damaged in an amount to be proven at trial, but for purposes of insurance, in the amount of at least $12,000.

## V.     SECOND CAUSE OF ACTION:  CLAIMS UNDER THE WASHINGTON STATE CONSUMER PROTECTION ACT (RCW CH. 19.86)

5.1     Plaintiffs reassert the allegations contained in paragraphs 1.1 through 4.3 above.

5.2     Defendants' acts and representations described in paragraphs 3.1 through 4.3 constitute unfair and misleading practices in the conduct of trade or commence, which affect the public interest within the meaning of the Washington State Consumer Protection Act (CPA), RCW 19.86.090.

5.3     Plaintiffs relied on the assertions related to the abilities of defendants and, as such, plaintiffs paid money to the defendants in anticipation of work to be performed at their property.

5.4     As a direct and proximate result of the negligent and unlawful conduct of defendants, described in paragraphs 3.1 through 5.3 above, plaintiffs have sustained significant damage,

COMPLAINT FOR BREACH OF
CONTRACT AND DAMAGES – Page 6
9809-002

YOUNGLOVE & COKER, P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS | OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-9268
OFFICE@YLCLAW.COM
(360) 357-7791

1    including, but not limited to, loss of monies paid by plaintiffs to defendants; out-of-pocket expenses

2    paid to repair work performed by defendants; and additional damages to be assessed at trial,

3    including costs incurred by plaintiffs for loss of work time and accrued interest.

4        5.5     The actions of defendants PFC, Ferner, and Hall were deceptive and were an unfair

5    business transaction in contravention to RCW Ch. 19.86.

6              **VI.    THIRD CAUSE OF ACTION: UNJUST ENRICHMENT**

7        6.1     Plaintiffs reassert the allegations contained in paragraphs 1.1 through 5.5 above.

8        6.2     Defendants have retained monies belonging to plaintiffs under circumstances which

9    would render it unjust and inequitable for defendants to retain those funds.

10       6.3     Plaintiffs are entitled to return of monies, in amounts to be determined at trial.

11             **VII.    FOURTH CAUSE OF ACTION:  CLAIM AGAINST THE**

12                     **BONDING COMPANY, NAVIGATORS INSURANCE CO**

13       7.1     Defendant, Navigators Insurance Company is a Washington company doing business

14    in Thurston County, Washington and the surrounding areas.

15       7.2     Pursuant to RCW 18.27.040, defendant PFC maintained a bond with Navigators

16    Insurance Company in the amount of $12,000 under Bond Account No. NAV00007885, to guarantee

17    faithful performance on the part of said contractor.

18       7.3     As a result of actions by defendant PFC, said defendants breached the contract

19    entered into with plaintiffs.  As surety for defendant PFC, codefendant Navigators Insurance

20    Company (and its Bond No. NAV00007885) is liable for any damages assessed against defendant

21    PFC up to the amount of the bond posted.

22

COMPLAINT FOR BREACH OF
CONTRACT AND DAMAGES – Page 7
9809-002

YOUNGLOVE & COKER, P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 16
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-0266
OFFICE@YLCLAW.COM
(360) 357-7791

## VIII. REQUEST FOR RELIEF

WHEREFORE, plaintiffs request that the Court enter judgment against PFC Properties, Inc.; its agents, Charles Ferner and Paul Haul and the martial communities thereof; and the bonding company, Navigators Insurance Company, as follows:

8.1     Awarding plaintiffs their claimed damages in an amount to be determined at trial.

8.2     Awarding plaintiffs treble damages in the maximum amount permitted by law, pursuant to RCW 19.86.090.

8.3     Awarding plaintiffs prejudgment interest on their damage award.

8.4     Awarding plaintiffs their reasonable attorney's fees and litigation expenses pursuant to RCW 19.86.090.

8.5     Awarding plaintiffs their statutory fees and costs.

8.6     Awarding plaintiffs any further or additional relief which the Court finds equitable, appropriate or just.

DATED this 6th day of August, 2021.

YOUNGLOVE & COKER, P.L.L.C.

GREGORY M. RHODES, WSBA #33897
Attorney for Plaintiffs

COMPLAINT FOR BREACH OF
CONTRACT AND DAMAGES – Page 8
9809-002

YOUNGLOVE & COKER, P.L.L.C.
ATTORNEYS AT LAW
WESTHILLS II OFFICE PARK
1800 COOPER POINT RD SW, BLDG 18
PO BOX 7846
OLYMPIA, WASHINGTON 98507-7846
FACSIMILE (360) 754-0268
OFFICE@YLCLAW.COM
(360) 357-7791

EXHIBIT 1

## Greg Rhodes

| | |
|---|---|
| From: | ferner2@comcast.net |
| Sent: | Wednesday, September 30, 2020 4:57 PM |
| To: | 'SUSAN BAKER' |
| Subject: | RE: material list |

I've answered all the red questions in a blue font.

From: SUSAN BAKER
Sent: Tuesday, September 29, 2020 8:56 PM
To: ferner2@comcast.net
Cc: mitchb77@comcast.net
Subject: RE: material list

Hi Chuck: thanks for your quick responses. I've added my comments in red within your email text below to keep the conversation more clear....

Thanks again,

Susan & Mitch

From: ferner2@comcast.net <ferner2@comcast.net>
Sent: Tuesday, September 29, 2020 5:15 PM
To: 'SUSAN BAKER' <susanb76@comcast.net>
Subject: RE: material list

9. There should be enough old siding to do both sides. We could do a wood grain Hardi-panel with 1 ½" vertical batts on 12" center on the gable end or T1-11.

 Ok, glad you can reuse cedar siding. We think the Hardi -panel would look better on the east end. Please let us know how much we will need. 9 4'x8' sheets of hardi-panel. I probably have enough 1x2s for the batts.

14. We can do skylights. I still would like 4 square of roofing on site. If we have any extra bundles we can return them.
 Okay good. We will have to figure out the skylights when we get further along.

15. Yes we can definitely use any insulation you have.

 Okay good. We will buy any extra if we are short on the square footage.

16. yes we can add a man door to north side. If you want a 36" door we'll have to change 2 windows to 28w x 56h.
Yes, we will plan on getting a man door with a full glass panel for the north side and we can change the design to just one window if that would be easier.  On windows -- we found out tonight that anything that is not in stock at VJ's will take 3 to 3-1/2 weeks to order. So, the size that you have on your material list (32" x 56") will have to be ordered. They do have 30-1/4" x 53" and enough are in stock @ $159.00/ea. And, on a positive note -- the smaller size would allow them to fit between 32" on center studs. So we thought that may be a good option so we do not have to put off the project for weeks and it may save some framing costs. We think it would be enough light on the north side if we have the man door with glass panel, and have just one window the same size as all the others to make this an easier project. And, on a final note about windows -- they will have to order the gable windows. They don't have a matched pair anything close to the measurements needed. They will need another measurement in order to know exactly what to order -- the measurement for the shorter end. See the Quote sheet I attached. The north side door if centered should have a window on each side. If you want one window we should move the door to one side or the other with a big window filling the space. We can do the 30-1/4" x 53" (good price). The measurement you need for gable end windows is 15".

18. would you want to keep 6' door on south side?

1

We have two different French doors on hold at VJ's. One is a 6' French door with full window panels in casing @ $1200.00, the other is a 5' French door with the same general design, but we could add two side light 14" panels – one on either side- to make even more light on that wall than option one @ less cost of $800.00. But, we need to know from you if there is enough wall space for the second option. Yes there is room for 2 14" side windows

19. If we use drywall we'd use green rock, which is what's used in bathrooms. If you would like wood , we could go with a tongue and groove pine.

Thanks for the info on the drywall – we didn't know about green rock. Would`pine be ridiculously more expensive? We are interested in pine for the interior if it is not insanely more expensive. We would need 503 sqft of pine. 6" t&g pine at Home depot is $1.55 a sqft. Might be cheaper if you shop around.

20. Same as 19.

21. We can do whatever you would like with door,

After all is said & done, we are probably going to leave it just as it is.

* yes we can reuse gutter.

Excellent.

**We can pick up any material you need us too.

Okay, good! Thank you!

***The only thing on this list that will increase labor cost is #19 if we go with wood. It would add $300.00 to labor cost. That's tolerable. We will decide whether we will go with the pine if you have some thoughts on the price difference we can expect.

i forgot to ask at VJ's if they give contractor discounts. If that could be arranged, we'd be tickled. If they do give the discount, how should we work this out? Also, we will also find out if they will just deliver materials since we are so close by. I don't think VJs does contractor discounts or whether they deliver or not? If they do give contractors discount give them Paul Halls name (he went to school with the owner). They are on the way to your place so we can pick anything up.


From: SUSAN BAKER
Sent: Tuesday, September 29, 2020 11:26 AM
To: ferner2@comcast.net
Cc: mitchb77@comcast.net
Subject: FW: material list

Hi Chuck:  We had a few questions before we dive into the materials order (in the order of your material list):

9. Siding – Will you be able to salvage and reuse our cedar siding since we won't be able to match it. If no, what type of siding would work best and not look goofy with what we have?
14. Is it possible to put any skylights in the south-facing roof area? Can roofing materials be adjusted for that?
15. Can you use up the insulation we have stored? It is the same insulation you used for the mancave exterior walls.
16. On the north (front entrance of the house), there is a walkway to the patio now. We would like the plan adjusted to put a man door in where the existing walkway is so we can continue to access the room easily from the front side of the house like we do now. Can you adjust the plan for the door and a fewer number of windows placed to the left of that door as room allows? The door can be either solid core or have some glass in it. We can get to that detail later.
18. Doors adjusted per #16 above?
19. After giving it some thought, we are not sure drywall will hold up to the moisture we will create in the room with all our plants/bonsais. Can this be adjusted to put up some type of wood board interior? Something sanded that we could put a coat of sealer on to make sure we don't get mold/mildew going from plant moisture? Spring/summer/early fall should not be an issue because we will have windows to open, but winter could be a bugger.
20. Same as above.

21. This is a detail we didn't think about when you were here – the door that opens out from our living room onto the patio may need to stay that way for code..? If not, could we reverse it by resetting hinges, or something simple? Or, we could use it as the man door on the north walkway entrance an install a different door since it could be an interior door now?

Other:

- Will you be able to salvage the new gutter on patio and reuse?

Order/Pickup: If we do our orders at Ground Mound, could we work with you to get the contractor discount and could you pick up the large lumber package when it is time to have that on hand? We are happy to get the package ordered when we are sure what we need, and pay for it as well, and bring what we can easily haul/store home. We were hoping VJ's has the windows/doors we will need. We might run down there this evening and see what they have windows/doors/and floor tiles.

We were a bit surprised what labor would be, but we know you're going to be doing a lot of detailing and tedious tasks to make all work well. So we are good to go on the labor as bid. Hopefully the above adjustments won't blow that amount up, but please let us know if it does.

So many details! Hopefully I have it all noted. Let us know when you have a chance and we will get busy on lining this up.

Thank you Chuck,

Susan & Mitch


From: ferner2@comcast.net <ferner2@comcast.net>
Sent: Sunday, September 27, 2020 3:03 PM
To: susanb76@comcast.net; mitchb77@comcast.net
Subject: material list

Attached is the material list for your project. I would suggest taking it to Rochester Lumber to get started. Once you get their material estimate you'll have a better idea on what you need to do if you need to lower the cost. I didn't include items like nails, screws etc. but you can figure under $600.00 for material not listed. The labor for your project will be $8700.00. Please feel free to call or text if you have any questions.
Thank you for giving us the opportunity to bid on your project.
Chuck Ferner
PFC Propertiesinc.

3

## Material list for sunroom

| | DESCRIPTION | QUANTITY |
|---|---|---|
| 1. | 2"x6"-12' p.t. | 4 |
| 2. | 2"x6"-8' k.d. | 60 |
| 3. | 2"x6"-16' k.d. | 16 |
| 4. | 2"x10-"8' | 4 |
| 5. | 4'x8'x7/16" OSB | 21 |
| 6. | 2"x12"-16' k.d. | 1 |
| 7. | 4 ½"x5/8" foundation bolts | 16 |
| 8. | 4"x75' window flashing tape rolls | 2 |
| 9. | Siding and house wrap | 420 sqft. |
| 10. | 5/4"x8"-16' primed fascia | 2 |
| 11. | 5/4"x8"-14' primed fascia | 2 |
| 12. | 5/4"x4"-8 primed spruce | 32 |
| 13. | Roll 15lb. roofing felt | 1 |
| 14. | Asphalt roofing | 4 square |
| 15. | R-19 kraft faced insulation on 16" center 93" batts | 450 sqft. |
| 16. | 32"w x 56"h double hung windows | 9 |
| 17. | 72"w x 40"h angled window for gable end ( angled to match 4-12 roof pitch) | 1 left,1 right |
| 18. | 72" x 80" ext. slider or 72" French doors | 1 |
| 19. | 4'x8'x1/2" drywall | 8 |
| 20. | 4'x8'x5/8" type x drywall | 12 |
| 21. | 1"x4" primed MDF window and door casing | 165 l.f. |
| 22. | Window and door interior trim | 183 l.f. |
| 23. | Flooring | 250 sqft. |

EXHIBIT 2



# Invoice

PFC Properties
P.O. Box 481
Centralia, WA 98531
360-520-5449

DATE: 12/24/2020

TO:  Susan & Mitch Baker
     8233 173rd Ave. SW
     Rochester, WA 98579

| | DESCRIPTION | PRICE |
|---|---|---|
| 1. | Build Sunroom | $8900.00 |
| 2. | Insulate attic | $150.00 |
| 3. | Install propane stove | $550.00 |
| | Material= | $336.95 |
| | SUBTOTAL | $ 9936.95 |
| | DOWN PAYMENT | -$6500.00 |
| | TOTAL | $3436.95 |

THANK YOU FOR YOUR BUSINESS!

## DECLARATION OF MAILING

Jackie Hume certifies and declares as follows:

1.      I am a Legal Assistant at Scuderi Law Offices, P.S., over the age of majority and competent to testify to the facts set forth herein.

2.      On November 9, 2021, I sent PFC Properties, Inc.'s IFCA Letter Coversheet regarding Clear Springs Property and Casualty Company via postage prepaid first-class US mail to:

> Office of the Insurance Commissioner
> Insurance Fair Conduct Act Claim Notification
> Office Support Unit
> PO Box 40255
> Olympia, WA 98504-0255

3.      On November 9, 2021, I sent PFC Properties, Inc.'s IFCA Letter to Clear Springs Property and Casualty Company, via both certified mail, return receipt requested, postage prepaid and first class US mail, postage prepaid to the following address:

> Clear Springs Property and Casualty Company
> 227 West Monroe St
> Chicago IL 60606-5055

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THE FOREGOING IS TRUE AND CORRECT.

SIGNED at Olympia, Washington this 9th day of November, 2021.

Jackie Hume



**OFFICE of the**
**INSURANCE**
**COMMISSIONER**
WASHINGTON STATE

# INSURANCE FAIR CONDUCT ACT (IFCA)
# COVER SHEET

## Complete and attach this cover sheet to your submission to the
## Office of the Insurance Commissioner (OIC)

| Attn: | Submitted by: |
|---|---|
| Office of the Insurance Commissioner<br>Insurance Fair Conduct Act Claim Notification<br>Office Support Unit<br>P.O. Box 40255<br>Olympia, WA 98504-0255 | Name: Joseph Scuderi<br>Law Office: Scuderi Law Offices, P.S.<br>Address: 924 Capitol Way South<br>Olympia, WA 98501<br>Phone: 360-534-9183<br>Email: joescuderi@scuderilaw.com<br>Date: November 3, 2021 |

**RCW 48.30.015(8)(a)** - Twenty days prior to filing an action based on this section, a first party claimant must provide written notice of the basis for the cause of action to the insurer and office of the insurance commissioner. Notice may be provided by regular mail, registered mail, or certified mail with return receipt requested. Proof of notice by mail may be made in the same manner as prescribed by court rule or statute for proof of service by mail. The insurer and insurance commissioner are deemed to have received notice three business days after the notice is mailed.

**Insurance Company:** Clear Springs Property and Casualty Company

**First Party Claimant:** PFC Properties, Inc.

**Line of Insurance:** Business/ General Liability

**Applicable Statute:** ☑ RCW 48.30.015 (1)

*A cover sheet is not required however, without clear identification of the*
*notice will not be recognized and recorded as such. Additionally, any do*
*notice of the basis for the cause of action are not required and will not be*
*to the OIC becomes subject to the Public Records Act. Please do not inclu*
*as medical records, Social Security numbers, banking information, driver*

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | 3.75 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☑ Return Receipt (hardcopy) | $ 3.05 |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage | 1.13 |
| Total Postage and Fees | |
| $ 7.93 | |

Postmark Here

11/9/202

This packet is identical to w went out to cle springs, w/ the ad

Sent To *Clear Springs P&C Compan*
Street and Apt. No., or PO Box No. *907 West Monroe St*
City, State, ZIP+4® *Chicago, IL 60606*

7018 3090 0000 3764 7645

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instruct

**Bravo Emails**

## Jackie Hume

| | |
|---|---|
| **From:** | Joe Scuderi |
| **Sent:** | Tuesday, December 7, 2021 11:09 AM |
| **To:** | Jackie Hume |
| **Subject:** | FW: Baker v. PFC Properties, Inc. et al. |

**From:** Bravo, Earle Q. <ebravo@rmlaw.com>
**Sent:** Thursday, December 2, 2021 11:58 AM
**To:** Joe Scuderi <joescuderi@ScuderiLaw.com>
**Subject:** RE: Baker v. PFC Properties, Inc. et al.


Hi Joe,

Would you be willing to agree that if I file an appearance in this matter that it does not constitute waiver of any coverage defenses on behalf of Clear Springs Property and Casualty?

Thank you,

Earle

**From:** Joe Scuderi <joescuderi@ScuderiLaw.com>
**Sent:** Thursday, December 2, 2021 11:04 AM
**To:** Greg Rhodes <GRhodes@ylclaw.com>
**Cc:** Bravo, Earle Q. <ebravo@rmlaw.com>; Jackie Hume <JackieHume@ScuderiLaw.com>; Elisabeth Cushman <elisabethc@ScuderiLaw.com>; Jeremey Dobbins <JeremeyDobbins@ScuderiLaw.com>; Angie Dowell <Angie@ylclaw.com>
**Subject:** RE: Baker v. PFC Properties, Inc. et al.

Greg:  Thanks!  I knew that about our NOA and Frank Harrison's for the bond.  The insurance company obviously recognizes the possibility of coverage, so I assume it will authorize Earle Bravo to make his NOA shortly.  I am surprised it has not done so already. Thanks, Joe

**From:** Greg Rhodes <GRhodes@ylclaw.com>
**Sent:** Thursday, December 2, 2021 10:57 AM
**To:** Joe Scuderi <joescuderi@ScuderiLaw.com>
**Cc:** Bravo, Earle Q. <ebravo@rmlaw.com>; Jackie Hume <JackieHume@ScuderiLaw.com>; Elisabeth Cushman <elisabethc@ScuderiLaw.com>; Jeremey Dobbins <JeremeyDobbins@ScuderiLaw.com>; Angie Dowell <Angie@ylclaw.com>
**Subject:** RE: Baker v. PFC Properties, Inc. et al.

Joe:

One clarification: we do have an NOA from Mr. Harrison on behalf of Navigators (the bond) and you on behalf of all other defendants.  I typed too soon.

Greg

**From:** Greg Rhodes
**Sent:** Thursday, December 2, 2021 10:52 AM
**To:** 'Joe Scuderi' <joescuderi@ScuderiLaw.com>
**Cc:** Bravo, Earle Q. <ebravo@rmlaw.com>; Jackie Hume <JackieHume@ScuderiLaw.com>; Elisabeth Cushman <elisabethc@ScuderiLaw.com>; Jeremey Dobbins <JeremeyDobbins@ScuderiLaw.com>; Angie Dowell <Angie@ylclaw.com>
**Subject:** RE: Baker v. PFC Properties, Inc. et al.

Joe:

There have been no answers or NOAs filed in this matter.  We will not seek default without notifying you first.

We were contacted by a claims examiner from AmTrust Financial Services on August 10, requesting a 60 day grace period to review the claim for coverage review.  That was granted.

We were contacted by attorney Frank Harrison from Williams Kastner & Gibbs, on behalf of Navigator's Insurance on August 25.  He requested informal discovery regarding damages.  We have not provided that information yet; however, we now have a complete assessment of damages from our clients because all remedial repairs have been accomplished.  I am going to work on this file early next week to put together a discovery and damages response for Mr. Harrison.  We can provide this to whomever else has responded and/or appeared.

Greg

Gregory M. Rhodes
Attorney at Law
Younglove & Coker, P.L.L.C.
1800 Cooper Point Road SW, Bldg 16
Olympia, WA 98502
grhodes@ylclaw.com
360.357.7791 Ext. 108
360.754-9268 (Fax)

**CONFIDENTIALITY NOTICE**: *The information contained in this ELECTRONIC MAIL transmission is confidential. It may also be subject to the attorney-client privilege or be privileged work product or proprietary information. This information is intended for the exclusive use of the addressee(s). If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information is strictly prohibited.*

**From:** Joe Scuderi <joescuderi@ScuderiLaw.com>
**Sent:** Wednesday, December 1, 2021 11:36 AM
**To:** Greg Rhodes <GRhodes@ylclaw.com>
**Cc:** Bravo, Earle Q. <ebravo@rmlaw.com>; Jackie Hume <JackieHume@ScuderiLaw.com>; Elisabeth Cushman <elisabethc@ScuderiLaw.com>; Jeremey Dobbins <JeremeyDobbins@ScuderiLaw.com>
**Subject:** Baker v. PFC Properties, Inc. et al.

Greg:  I have tendered this case, on behalf of PFC Properties and its principals, for insurance defense.  Earle Bravo contacted me about him being appointed to defend PFC Properties.  He is waiting for final approval from the adjuster.  If there are any deadlines pending, please let us know and please give us a reasonable extension to get insurance defense counsel on board.  I will likely remain to defend the bond on this case.  Thank you, Joe Scuderi

Joseph Scuderi
Scuderi Law Offices, P.S.
924 Capitol Way South
Olympia, WA 98501
joescuderi@scuderilaw.com

360-534-9183

CONFIDENTIALITY NOTICE: This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**Confidentiality:**
The preceding message (including attachments) is covered by the Electronic Communication Privacy Act, 18 U.S.C. sections 2510-2521, is confidential and may also be protected by attorney-client or other privilege. If you believe that it has been sent to you in error, please delete it. Thank you.